**UNITED STATES of America, Appellee,**

v.

**Mohammed FAGGE, Defendant–Appellant.**

**No. 498, Docket 96–1287.**

United States Court of Appeals, Second Circuit.

Argued Oct. 24, 1996.

Decided Nov. 25, 1996.

Henriette D. Hoffman, Legal Aid Society, Federal Defender Division Appeals Bureau, New York City, for Defendant–Appellant.

Matthew Fishbein, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Jennifer L. Borum, Craig A. Stewart, Assistant United States Attorneys, of counsel), for Appellee.

Before OAKES, VAN GRAAFEILAND, and WINTER, Circuit Judges.

WINTER, Circuit Judge:

This appeal principally concerns the interaction of a proffer agreement and a subsequent plea agreement. Mohammed Fagge appeals from Judge Baer's sentence of 41 months incarceration, followed by four years of supervised release and a $50 special assessment. The sentence was imposed after Fagge pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Appellant challenges his sentence on two grounds: (i) the government breached its proffer agreement by disclosing information it obtained in a proffer session; and (ii) the district court misapplied the Sentencing Guidelines by using the incorrect commentary to deny appellant a minor participant adjustment. We affirm.

Fagge's legal troubles began when British law enforcement officials in London searched a package in the mail addressed to "Larry Edward, 513 East 171st Street, First Floor, Bronx, New York 10457." It had a return address of "John Edward" in Bangkok, Thailand. It also had a false bottom containing several hundred grams of heroin. The package was forwarded to United States law enforcement personnel, and postal officials left a delivery notice for "Larry Edward" at the New York address. Fagge appeared at the Tremont Station Post Office with the delivery notice and asked for the package. Fagge was soon arrested and indicted on two heroin trafficking counts. On October 17, 1995, he signed a proffer agreement with the government that provided in relevant part:

> (1) Should any prosecutions be brought against Client by this Office, the government will not offer in evidence on its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Client at the meeting. . . .

Two proffer sessions followed, in which Fagge admitted participation both in the heroin scheme charged in the indictment and in at least one other drug transaction.

On November 22, 1995, Fagge entered into a written plea agreement in which he agreed to plead guilty to one count of the two-count indictment. The plea agreement stipulated to the amount of heroin involved—488 grams; it stipulated that Fagge was entitled to a three-level reduction for acceptance of responsibility; and it provided for another two-level reduction and relief from the mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(B) because Fagge satisfied the provisions of U.S. Sentencing Guidelines § 5C1.2. The plea agreement explicitly stated that there was no stipulation as to whether Fagge's role in the offense was that of a minor participant, pursuant to Guidelines § 3B1.2(b). The agreement reserved Fagge's right to argue for a two-level reduction under this section and gave notice that the government intended to argue against such a reduction. The plea agreement also stated, "[N]othing in this agreement limits the rights of the parties . . . to present to the

Probation Department or the Court any facts relevant to sentencing . . . ." Furthermore, "[T]here are no promises, agreements or understandings between this Office and the defendant other than as set forth herein." On November 28, 1995, the district court accepted Fagge's guilty plea.

The district court sentenced Fagge at a hearing held on April 25, 1996. At that hearing, Fagge's counsel argued for a two-point reduction for being a minor participant, pursuant to § 3B1.2(b) of the Sentencing Guidelines. Referring to the Commentary following § 3B1.2(a) that gives an example of a courier in a single transaction involving a small quantity of drugs, Judge Baer asked why Fagge was not entitled to a four-point minimal participant reduction under that section. The government responded that "the court would be misled if [the government] did not advise the court that there was more than one occasion where this defendant did receive some drugs." Because this information was obtained during the proffer session, Fagge argues that this statement breached the proffer agreement. We disagree.

■ The plea agreement superseded the proffer agreement. The plea agreement plainly stated, "[t]here are no promises, agreements or understandings between this Office and the defendant other than as set forth herein" and that both parties retained the right "to present to the Probation Department or the Court any facts relevant to sentencing." The agreement continued, "In the event that the . . . Court contemplates any Guidelines adjustments . . . different from those stipulated to above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concern-

ing the same." Thus, the government acted well within its rights and obligations under the scope of the plea agreement when it answered the court's questions during sentencing.

Moreover, a plea agreement is not entirely bilateral. A plea agreement has no effect until accepted by the court under Rule 11, Fed.R.Crim.P., and Chapter 6 of the Sentencing Guidelines. It is thus a representation to the court whose acceptance is necessary to the agreement's enforceability. Were we to hold that Fagge's proffer agreement is still effective, we would necessarily render the language of the plea agreement actively misleading.

■ That language affirmatively denies the existence of any side agreement between the parties and plainly states that neither party is limited in presenting to the court all facts relevant to sentencing. If, notwithstanding these representations to the court, the government were bound by an undisclosed agreement to stand mute in the face of Judge Baer's inquiry, the plea agreement would violate Guidelines § 6B1.4.[1] That provision requires that where facts are the subject of a plea agreement, all agreed-upon and disputed facts relevant to sentencing must be disclosed in a non-misleading fashion. *See United States v. Telesco,* 962 F.2d 165, 167–69 (2d Cir.1992). It leaves no room for agreements to conceal facts from the court.[2]

■ Fagge's second argument—that the district court misapplied the Sentencing Guidelines—also fails. Fagge claims that Judge Baer mistakenly used the "single . . . shipment," "single smuggling transaction"

---

1. We have previously suggested that if a plea "agreement required that arguably relevant information be kept from the district court, 'we would not enforce such an agreement because it would be against public policy.' " *United States v. Lovaglia,* 954 F.2d 811, 817–18 (2d Cir.1992) (quoting *United States v. Williamsburg Check Cashing Corp.,* 905 F.2d 25, 28 (2d Cir.1990)). "[A]n agreement to keep the judge ignorant of pertinent information cannot be enforceable, because a sentencing court 'must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed.' " *Williamsburg,* 905 F.2d at 28 (quoting *Wasman v.*

*United States,* 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984)).

2. Guidelines § 1B1.8 underlines by implication the requirement that all relevant, non-privileged facts must be presented to a sentencing court. It states that some information provided by a defendant concerning unlawful activities of third parties may, upon the agreement of the government and the defendant, not be used to determine the appropriate Guidelines range for that defendant. As the Commentary notes, however, "This provision does not authorize the government to withhold information from the court."

commentary to the minimal-participant reduction in § 3B1.2(a) to deny him a two-point minor-participant reduction, pursuant to § 3B1.2(b). However, the record shows that Judge Baer was aware of what section of the Guidelines the single-shipment commentary applied to. When counsel stated, "Those [single shipments] are fact patterns that would perhaps result in ... a four-point reduction. I am only asking for a two-point reduction," Judge Baer responded, "I cite that to you with that understanding."

Nor does Fagge persuade us that Judge Baer erred in considering Fagge's admission to prior drug importation in refusing a full two-point minor participant reduction, pursuant to § 3B1.2(b). Judge Baer decided to grant a one-point reduction, "looking at all the facts," including the prior drug importation. In doing so, Judge Baer acted within his discretion. *See United States v. Concepcion*, 983 F.2d 369, 388 (2d Cir.1992), *cert. denied*, 510 U.S. 856, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993) ("the sentencing court remains entitled to rely on any type of information known to it" when determining an appropriate sentence).

We therefore affirm.