# United States Court Of Appeals

**FOR THE EIGHTH CIRCUIT**

———————————

No. 97-3366

———————————

United States of America,     *
                              *

      Plaintiff-Appellee,    *
                              *         Appeal from the United States
    v.                       *        District   Court   for   the   District
                              *        of Nebraska

Marc A. Snoddy,            *
                              *

      Defendant-Appellant.    *

———————

Submitted: March 11, 1998

Filed:     April 6, 1998

———————

Before MCMILLIAN and FAGG, Circuit Judges, and BENNETT,[*] District Judge.

———————

BENNETT, District Judge.

When, if ever, can a criminal defendant who pleads guilty to a sole participant offense obtain a reduction in sentence pursuant to U.S.S.G. § 3B1.2(b) for being a

———————————

[*] The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa, sitting by designation.

"minor participant"?  The defendant here—who pleaded guilty to possession of marijuana with intent to distribute it after being caught with a truckload of the controlled substance—claims that his role as a "mule" was minor compared to the other players in the marijuana distribution scheme. Despite the government's agreement to a "minor participant" reduction in a plea agreement, and the defendant's uncontested evidence of his minor role offered at sentencing, the sentencing judge concluded that the defendant could not receive a "minor participant" reduction, because he was charged with a sole participant offense rather than conspiracy to distribute the marijuana.

On appeal, we reverse and remand.

## I.  BACKGROUND

It is undisputed that defendant-appellant Marc Snoddy was arrested February 9, 1997, by a border patrol agent at a roving border patrol checkpoint in Falfurrias, Texas, when the border patrol agent discovered thirty-seven kilograms of marijuana built into the false front of the bed of the pickup truck Snoddy was driving.  The marijuana was discovered after the border patrol agent, suspicious of Snoddy's behavior, brought over a drug dog, which alerted to the presence of controlled substances in Snoddy's vehicle.  Snoddy was indicted in the Southern District of Texas on a charge of possession of the marijuana with intent to distribute it.  Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Snoddy agreed to plead guilty to the indictment and the case was transferred to the District of Nebraska.

As part of the plea agreement, the government agreed to recommend that Snoddy receive a two-level reduction in his base offense level pursuant to U.S.S.G. § 3B1.2 for being a "minor" participant in the offense.  The presentence investigation report (PSR)

by the probation office, however, did not include this agreed reduction. Instead, the PSR calculated Snoddy's offense level as 18, based on the amount of marijuana found in his possession, and recommended only a three-level reduction for acceptance of responsibility. The PSR stated that the probation office was not aware of other participants in the offense with which Snoddy was charged. Snoddy filed a formal objection to the failure to include in the PSR the agreed reduction for his minor participation and the district judge set the matter down for hearing.

At the hearing, Snoddy presented uncontested evidence that he was not the only participant in a scheme to distribute marijuana and that his role in the scheme consisted only of transporting the marijuana from Texas to Nebraska. Specifically, Snoddy presented evidence that he was recruited by a co-worker Snoddy knew only as Enrique at his place of work in Omaha, Nebraska, to drive a truckload of marijuana from McAllen, Texas, to Omaha. Snoddy agreed, and Snoddy and Enrique flew from Omaha to Houston, then on to McAllen, where they checked into a hotel room. While Snoddy waited in the room, Enrique made some telephone calls, conducted in Spanish, and then left the room for fifteen or twenty minutes. When Enrique returned, he gave Snoddy a set of keys and pointed out a pick-up truck in the parking lot. Enrique told Snoddy to leave McAllen at first light and to drive the truck to Omaha. Snoddy never learned the details of how or from whom Enrique purchased the marijuana nor what Enrique intended to do with the marijuana in Omaha. As instructed, Snoddy left for Omaha the next morning, but he was stopped and arrested in Falfurrias, Texas. Much of Snoddy's version of events was corroborated by testimony of an investigator for the federal public defender's office, which was proffered by Snoddy's counsel and received into evidence without objection at the sentencing hearing.

At sentencing before the United States District Court for the District of

3

Nebraska, the government stood by the plea agreement and did not dispute the evidence that Snoddy was just a "mule" in the distribution scheme. Although the sentencing judge stated that he would have no difficulty recognizing that Snoddy's participation was minor had he been charged with conspiracy, the sentencing judge nonetheless denied the request for a two-level reduction for minor participation. The court's reasoning was as follows:

> [Snoddy] can't be a minor role [sic] in an offense that charges him with possession with intent to distribute, but it doesn't say he did it with anybody else, or in conjunction with anybody else, and I'm not quarreling or taking exception to the fact that what you're telling me is true, that's the way it occurred.
> But when it comes up on a Rule 20 I have to take the indictment as it reads, I can't change the indictment, and I don't think it's appropriate to recap the charges that are contained in the indictment for purposes of sentencing.
> It's for that reason that I am going to deny your objection; not that I don't believe, if this had been charged as a conspiracy to distribute less than fifty kilograms, I don't think I would have a difficulty recognizing that in that conspiracy his role was a minor role.
> But I don't believe that I can find that where he is charged in a one count indictment, with being the sole perpetrator of the crime, that his role is other than a sole perpetrator, and under Rule 20 he has to admit to the crime charged or he has to go back to Texas for disposition or trial.

Transcript of Sentencing Proceedings, pp. 29-30. The sentencing judge therefore adopted the recommendations in the PSR and reduced Snoddy's base offense level only by three levels for acceptance of responsibility. Snoddy was sentenced to 30 months of imprisonment, the bottom of the applicable 30 to 37-months guideline range,

4

followed by three years of supervised release.  Snoddy asserts that his guideline range with the further two-level reduction for minor participation would have been 24 to 30 months.

On appeal, Snoddy contends that he is entitled to a two-level reduction of his base offense for being only a "minor participant" pursuant to U.S.S.G. § 3B1.2(b).  He contends that neither the language of the applicable guidelines nor any judicial decisions of this court prohibit him from receiving such a reduction because he was charged with possession with intent to distribute a controlled substance rather than conspiracy to distribute it.  Indeed, he asserts that this court has upheld such a reduction for persons charged only with possession or distribution offenses rather than conspiracy.  Snoddy also argues that the sentencing judge mistakenly equated his plea pursuant to Rule 20 with an agreement to accept all adverse sentencing guidelines while abandoning all mitigating ones.  Snoddy prays for reversal of the district court's sentence, upon *de novo* review, and remand for resentencing under a "correct" interpretation of the Sentencing Guidelines.

The government argues that the sentencing judge exercised his discretion not to apply the downward adjustment pursuant to U.S.S.G. § 3B1.2, because Snoddy had not demonstrated that he indeed played only a "minor role" in the offense with which he was charged.  The government contends that the threshold requirement for a "minor participant" reduction was not satisfied, because inherent in such a reduction is a finding that the defendant is less culpable than other participants.  Thus, the government contends that there was no "clear error" in the district judge's refusal to apply the reduction, because the government contends that the district judge's decision rested upon a factual determination that the appellant had not been a minor participant, not on some incorrect legal interpretation of the guidelines.

## II.  LEGAL ANALYSIS

### A.  Standard Of Review

It is well-established that this court reviews a district court's factual findings at sentencing for clear error.  *See, e.g., United States v. Covington*, 133 F.3d 639, 642 & 643-44 (8th Cir. 1998) (this court's review of factual determinations with respect to offenses in the criminal history computation pursuant to U.S.S.G. § 4B1.1 "'are subject to a "clearly erroneous" standard of review,'" quoting *United States v. Lowe*, 930 F.2d 645, 646-47 (8th Cir. 1991), as are findings as to the identity of drugs attributable to a defendant); *United States v. Whatley*, 133 F.3d 601, 606 (8th Cir. 1998) (this court reviews for clear error factual findings for sentencing); *United States v. Dierling*, 131 F.3d 722, 736 (8th Cir. 1997) (appellate review of sentencing findings is for clear error); *United States v. Wells*, 127 F.3d 739, 744 (8th Cir. 1997) (when the challenge to a guidelines sentence was by the government, this court reviewed the district court's findings of fact for clear error); *United States v. Darden*, 70 F.3d 1507, 1544 (8th Cir. 1995) (same), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1449, *and cert. denied*, ___ U.S. ___, 116 S. Ct. 2567 (1996).  This "clear error" standard applies specifically to the district court's denial on factual grounds of a "minor participant" reduction pursuant to U.S.S.G. § 3B1.2.  *See United States v. Holloway*, 128 F.3d 1254, 1258 (8th Cir. 1997); *United States v. Chatman*, 119 F.3d 1335, 1341 (8th Cir. 1997) (noting that the burden is on the defendant to demonstrate that he or she is entitled to a "minor participant" reduction pursuant to U.S.S.G. § 3B1.2, and that "[a] district court's factual determination regarding the role played by a defendant in a criminal activity is reviewed under the 'clearly erroneous' standard," citing *United States v. Fregoso*, 60 F.3d 1314, 1329 (8th Cir. 1995), and *United States v. Ellis*, 890 F.2d 1040, 1041 (8th Cir. 1989)), *cert. denied*, ___ U.S. ___, 118 S. Ct. 434 (1997); *United States v. Van*

6

*Brocklin*, 115 F.3d 587, 601 (8th Cir. 1997) ("We review the district court's determination of § 3B1.2 adjustments for clear error.").[1]

However, it is just as well-established that review of a district court's interpretation and construction of the federal sentencing guidelines is *de novo*. *See, e.g., Wells*, 127 F.3d at 744 (when this court reviewed the government's challenge to a sentence imposed under the guidelines, this court stated that review of the district court's application and construction of the guidelines is *de novo*, but the court found that each of the government's challenges concerned a factual finding, so that each was reviewed for clear error); *United States v. Drapeau*, 121 F.3d 344, 347 (8th Cir. 1997) ("'The district court's interpretation of the sentencing guidelines is a question of law subject to de novo review, while its factual determinations are subject to review only for clear error,'" quoting *United States v. Larson*, 110 F.3d 620, 627 (8th Cir. 1997)); *United States v. Dolan*, 120 F.3d 856, 870 (8th Cir. 1997) (although factual determinations for sentencing under the federal guidelines are reviewed under the clearly erroneous standard, "[w]e review de novo the district court's interpretation of the Guidelines"); *Van Brocklin*, 115 F.3d at 600 ("We review the district court's interpretation of the Guidelines de novo, and the factual findings supporting its conclusions for clear error."); *United States v. Jones*, 87 F.3d 247, 248 (8th Cir.) (*per curiam*) (appellate review of the district court's construction and interpretation of

---

[1] Although factual determinations concerning a defendant's role in an offense are reviewed for clear error, the district court's determination of whether to grant a two-level reduction for "minor" participation or a four-level reduction for "minimal" participation is reviewed for abuse of discretion. *See United States v. McCarthy*, 97 F.3d 1562, 1579 (8th Cir. 1996), *cert. denied sub nom. Thompsen v. United States*, ___ U.S. ___, 117 S. Ct. 1011, *and cert. denied sub nom. Houston v. United States*, ___ U.S. ___, 117 S. Ct. 1284 (1997).

7

Chapter Four of the U.S. Sentencing Guidelines is *de novo*), *cert. denied*, ___ U.S. ___, 117 S. Ct. 374 (1996); *Darden*, 70 F.3d at 1544.

The government's protestations notwithstanding, it is clear from the portion of the sentencing transcript quoted above that the sentencing judge did not deny Snoddy a "minor participant" reduction on any factual ground. Transcript of Sentencing Proceedings, pp. 29-30. Indeed, the sentencing judge made clear that he was "not quarreling or taking exception to the fact that what you're telling me [about Snoddy's participation] is true," and that "if this had been charged as a conspiracy to distribute less than fifty kilograms, I don't think I would have a difficulty recognizing that in that conspiracy his role was a minor role." *Id.* The only grounds the sentencing judge gave for his denial of Snoddy's request for a "minor participant" reduction were his *legal* conclusions, first, that such a reduction was not available when Snoddy was charged with a sole participant offense, that is, when the indictment "charge[d] him with possession with intent to distribute, but it doesn't say he did it with anybody else, or in conjunction with anybody else," and, second, that it was not "appropriate" to depart from the indictment when the defendant comes before the court on a Rule 20 plea. *Id.* These conclusions have to do with the construction and interpretation of the guidelines, not with any factual determination pursuant to guideline requirements. Because the denial of the reduction was based on the sentencing judge's interpretation of § 3B1.2, not any factual determination, our review is *de novo*. *See Wells*, 127 F.3d at 744; *Drapeau*, 121 F.3d at 347; *Dolan*, 120 F.3d at 870; *Larson*, 110 F.3d at 627; *Van Brocklin*, 115 F.3d at 600; *Jones*, 87 F.3d at 248.

### B. The "Minor Participant" Reduction

We thus embark on a *de novo* interpretation of U.S.S.G. § 3B1.2. That guideline

provides for a reduction in the defendant's base offense level owing to his or her "mitigating role" in terms of either "minimal" or "minor" participation. U.S.S.G. § 3B1.2;[2] *United States v. Padilla-Pena*, 129 F.3d 457, 471 (8th Cir. 1997), *petition for cert. filed*, (Feb. 3, 1998) (No. 97-7772), *and petition for cert. filed*, (Feb. 3, 1998) (No. 97-7790). As this court recently explained, a "minor participant" pursuant to U.S.S.G. § 3B1.2

> is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." [U.S.S.G. § 3B1.2], application note 3. The mere fact that a defendant is less culpable than his codefendants does not entitle defendant to "minor participant" status. *United States v. West*, 942 F.2d 528, 531 (8th Cir. 1991). Whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense. *United States v. Goebel*, 898 F.2d 675, 677 (8th Cir. 1990).

---

[2]This sentencing guideline is as follows:

**§ 3B1.2      Mitigating Role**

Based on the defendant's role in the offense, decrease the offense level as follows:

(a)    If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.

(b)    If the defendant was a minor participant in any criminal activity, decrease by **2** levels.

In cases falling between (a) and (b), decrease by **3** levels.

U.S.S.G. § 3B1.2.

*Padilla-Pena*, 129 F.3d at 471;[3] *Holloway*, 128 F.3d at 1258; *Chatman*, 119 F.3d at 1341.

### 1.    *Drug couriers and "minor" participation*

As the government asserts, this court has recognized that a defendant's role as just a "mule" in a drug distribution scheme does not necessarily entitle the defendant to a "minor participant" reduction. *See, e.g., Chatman*, 119 F.3d at 1341 (although the defendant contended that he was merely a "mule" in a drug distribution scheme, this court held that a "minor participant" reduction was not required just because other parties supplied the drugs and the defendant merely transported them); *United States v. McGrady*, 97 F.3d 1042, 1043 (8th Cir. 1996) (although the defendant contended that he was merely a courier who played a small role in the drug deals, the court upheld denial of a "minor participant" reduction, because the defendant's role was "significant" in carrying out the drug transactions); *United States v. Carrazco*, 91 F.3d 65, 67 (8th Cir. 1996) (where the defendant argued that he was entitled to a § 3B1.2

---

[3]By way of comparison, this court explained "minimal participation" as follows:

> A minimal participant must be "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, application note 1. A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* The downward adjustment for a minimal participant should be "used infrequently" and is "appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload  part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." *Id.*, application note 2.

*Padilla-Pena*, 129 F.3d at 471.

10

reduction because he was just a "mule," this court upheld denial of the reduction, because he was not just a "mule," and even if he was, "a downward adjustment would not necessarily have been warranted: 'A defendant's status as courier does not necessarily mean he is less culpable than other participants in a drug operation,'" quoting *United States v. Williams*, 890 F.2d 102, 104 (8th Cir. 1989), and the record was to the contrary in that case).

However, this court has also, upon occasion, allowed a downward adjustment for minor participation to a person charged with distribution of a controlled substance rather than conspiracy, as Snoddy contends. *See United States v. Garvey*, 905 F.2d 1144, 1145 (8th Cir. 1990) (where a defendant who pleaded guilty to distributing hashish oil asserted he was merely a courier with no ownership interest in the hashish oil found in his possession, and therefore he should receive a "minimal" participant reduction, or 3-level "in between" reduction, pursuant to § 3B1.2, this court held that participant status is a factual determination based upon culpability, not courier status, and upheld only the "minor participant" reduction rather than a more generous reduction). Another circuit court of appeals has also upheld granting a defendant who pleaded guilty to charges of possession of a controlled substance with intent to distribute it at least a partial "minor participant" reduction. *See United States v. Fagge*, 101 F.3d 232, 234-35 (2d Cir. 1996) (upholding the grant of only a one-level reduction, rather than two full levels, pursuant to § 3B1.2 for a defendant who pleaded guilty to possession with intent to distribute heroin). Furthermore, when affirming the *denial* of a reduction for "minor" participation to persons charged with possession with intent to distribute a controlled substance, this court has never done so on the ground that the reduction was unavailable as a matter of law to persons charged only with "sole participant" offenses, but only on factual grounds based on the degree of the

defendant's participation or "culpability." *See, e.g., Chatman*, 119 F.3d at 1341 (a defendant who pleaded guilty to possession with intent to distribute cocaine was properly denied a "minor participant" reduction, based in part on the fact that the defendant was using his own vehicle to transport the cocaine and on the amount of the cocaine found in the vehicle); *McGrady*, 97 F.3d at 1043 (a defendant who pleaded guilty to distributing crack cocaine was properly denied a "minor participant" reduction, because the defendant's conduct was essential to the commission of the crimes and the crimes would not have occurred but for his participation); *Carrazco*, 91 F.3d at 67 (a defendant who pleaded guilty to possession with intent to distribute marijuana was properly denied a "minor participant" reduction, because the evidence that he was just a "mule" was unpersuasive and, even if he was just a "mule," there was no evidence that he was less culpable than others).

However, these fact-based holdings are not necessarily dispositive of the legal question here, which is whether a defendant charged only with a "sole participant" offense must be denied a downward adjustment for "minor participation" as a matter of law. This specific question appears to be one of first impression in this circuit.

### 2. The "minor participant" reduction for "sole participant" crimes

Other circuit courts of appeals, however, have visited the legal question of whether a person convicted of or pleading guilty to a "sole participant" offense can nonetheless receive a reduction pursuant to U.S.S.G. § 3B1.2 for being only a "minor participant." The District of Columbia Circuit Court of Appeals considered precisely this question in 1991 in *United States v. Caballero*, 936 F.2d 1292 (D.C. Cir. 1991), *cert. denied*, 502 U.S. 1061 (1992). In that case, the district court granted a two-level "minor participant" reduction pursuant to U.S.S.G. § 3B1.2(b) to a defendant convicted of possession of cocaine with intent to distribute it. *Id.* The defendant appealed his

12

conviction on Fourth Amendment grounds and the government cross-appealed on the ground that, because the defendant was convicted of a crime that did not involve any other participant, the defendant could not have been a "minor" participant in that crime as a matter of law. *Id.* at 1297. The District of Columbia Circuit Court of Appeals noted that in a prior decision, it had held that an *increase* in a defendant's offense level pursuant to U.S.S.G. § 3B1.1 for an "aggravating role" in an offense could "'only be considered when the defendant has a role in the offense for which "relative responsibility" can be allocated,'" and furthermore, that the court could not look to "relevant conduct" as defined by section 1B1.3(a). *Id.* (quoting *United States v. Williams*, 891 F.2d 921, 926 (D.C. Cir. 1989)).

However, in *Caballero*, the court noted that the Sentencing Commission had since added a clarifying amendment, United States Sentencing Commission, Guidelines Manual, Appendix C, part 345 (Amendment 345), which became effective on November 1, 1990, that was counter to the holding in *Williams*. *Id.* at 1298. That amendment explained that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of section 1B1.3 (Relevant Conduct) . . . and not solely on the basis of elements and acts cited in the count of the conviction." Amendment 345. In light of that clarification, the court reassessed *Williams* in the context of a downward adjustment to reinterpret § 3B1 so that the court's construction of the guideline would comport with the language of the amendment. *Id.*

The court's reassessment was as follows:

> Like the several courts that have addressed this issue since the clarifying amendment, we conclude that section 3B1 allows the sentencing judge to look to "'the contours of the underlying scheme itself' rather than the mere elements of

13

'the offense charged.'" *United States v. Rodriguez*, 925 F.2d 107, 111 (5th Cir. 1991) (quoting *United States v. Mir*, 919 F.2d 940, 945 (5th Cir. 1990)). *See United States v. Fells*, 920 F.2d 1179, 1185 (4th Cir. 1990) ("we reject the argument . . . that a court is bound by the narrow scope of the offense for which the defendant was convicted")[, *cert. denied*, 501 U.S. 1219 (1991)]; *United States v. Bierley*, 922 F.2d 1061, 1065 (3d Cir. 1990) ("the fact that there is only one 'defendant' does not necessarily mean that there was only one 'participant'" for purposes of 3B1); *see also United States v. Gordon*, 895 F.2d 932, 935 (4th Cir.) (Wilkins, J.) (pre-amendment decision written by Sentencing Commission chairman, holding that mitigating adjustment is appropriate if there has been group conduct, even if group did not participate in specific crime of conviction), *cert. denied*, [498] U.S. [846], 111 S. Ct. 131, 112 L. Ed. 2d 98 (1990). Of particular interest are the Fifth Circuit decisions in *Rodriguez* and *Mir*. Before the amendment, that circuit, following our *Williams* decision, held that section 3B1 does not allow consideration of "relevant conduct" as defined by section 1B1.1. *See United States v. Barbontin*, 907 F.2d 1494 (5th Cir. 1990); *United States v. Mourning*, 914 F.2d 699 (5th Cir. 1990); *United States v. Alfaro*, 919 F.2d 962 (5th Cir. 1990). In response to the amendment, however, the Fifth Circuit reversed direction in *Mir*, 919 F.2d at 944-46, and then, in *Rodriguez*, 925 F.2d at 110-11, explicitly rejected its earlier interpretation. Because our reasoning in *Williams*—like that in the earlier Fifth Circuit case—was nullified by the clarifying amendment, we too must adjust our interpretation of section 3B1.

*Caballero*, 936 F.2d at 1298-99. Upon reconsideration, the District of Columbia Circuit Court of Appeals established a two-part test to determine when a defendant convicted of a "sole participant" crime may nonetheless be entitled to a "minor participant" reduction:

14

> Viewing section 3B1.2 anew, we see no barrier to a trial court's conclusion that a defendant convicted of [possession with intent to distribute a controlled substance] can be a "minor" participant. Before it may find that a defendant was a minor participant in the offense, however, the evidence available to the court at sentencing must, at a minimum, show (i) that the "relevant conduct" for which the defendant would, within the meaning of section 1B1.3(a)(1), be otherwise accountable involved more than one participant (as defined in section 3B1.1, comment. (n.1)) and (ii) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s). The application of section 3B1.2 is inherently fact-bound and largely committed to the discretion of the trial judge.

*Caballero*, 936 F.2d at 1299. The court rejected a finding of "minor" participation solely on the basis of the defendant's status as a "courier" for the drug distribution scheme, however, concluding, as has this court, that status as a courier, by itself, is not enough to support a finding that the defendant is a "minor" participant, even though this is essentially the example of a "minimal" participant given in application note 2 to § 3B1.2. *Id.* Therefore, the court remanded to the district court for application of the proper legal standard. *Id.*

Since the decision of the District of Columbia Circuit Court of Appeals in *Caballero*, the Ninth Circuit Court of Appeals has joined that court in concluding that "minor participant" determinations pursuant to § 3B1.2 for persons convicted of "sole participant" crimes—such as possession with intent to distribute controlled substances— must be made on the basis of the two-prong test established in *Caballero*, also reversing its own prior precedent to reach that conclusion. *Compare United States v. Demers*, 13 F.3d 1381, 1382 (9th Cir. 1994) (reiterating the two-prong test in *Caballero*, citing *Webster*, *infra*); *United States v. Webster*, 996 F.2d 209 (9th Cir.

15

1993) (statements in prior decisions that "downward adjustments may not be based on relevant but uncharged conduct are no longer valid because of the subsequent adoption by the Sentencing Commission of amendment 345 to the introductory commentary to Chapter Three, Part B of the Guidelines"); *with United States v. Valdez-Gonzalez*, 957 F.2d 643, 648 (9th Cir. 1992) (holding that a downward adjustment pursuant to § 3B1.2 was not available for drug couriers where the defendants "were the sole participants in the offenses to which they pleaded guilty"); *United States v. Zweber*, 913 F.2d 705, 709 (9th Cir. 1990) (holding that § 3B1.2 "specifically requires the court to adjust only for the defendant's role in the conviction offense, not in charged or uncharged collateral conduct," and "the role in the collateral conduct may not itself serve as the basis for a role adjustment").

### 3.    *The test for this circuit*

The conclusions of the District of Columbia and Ninth Circuit Courts of Appeals that defendants convicted of "sole participant" offenses may nonetheless be entitled to a "minor participant" reduction are sound in light of the present language of the Sentencing Guidelines and application notes thereto.  First, § 3B1.2 states that the reduction is to be made on the basis of the defendant's degree of participation "in any criminal activity," not merely in the offense of conviction.  U.S.S.G. § 3B1.2.  Indeed, this court has so held.  *See United States v. Lucht*, 18 F.3d 541, 556 (8th Cir.) (the determination of a defendant's role in an offense is based on all relevant conduct, not solely on the act of conviction), *cert. denied*, 513 U.S. 949 (1994).  Furthermore, the application notes instruct that the degree of participation is to be measured in comparison to other participants in "concerted" or "group" activity, not merely those involved in a charged "conspiracy."  U.S.S.G. § 3B1.2, application note 1.  Yet, most persuasive of all, as the other appellate courts to consider the question have concluded,

16

is the specific instruction in the introductory commentary to Part B that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.*, all conduct included under § 1B1.3 (a)(1)-(4), and not solely on the basis of the elements and acts cited in the count of conviction." U.S.S.G. § Ch. 3, Part B, introductory commentary. Furthermore, application notes to § 3B1.1 explain that a "participant" "is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, application note 1.[4]

We therefore adopt the two-prong test established in *Caballero*, and hold that a defendant convicted of a "sole participant" offense may nonetheless be entitled to a reduction in his or her base offense level for a mitigating role pursuant to U.S.S.G. § 3B1.2 if the defendant shows the following: (1) that the "relevant conduct," within the meaning of section 1B1.3(a)(1), for which the defendant would otherwise be accountable involved more than one participant (as defined in section 3B1.1, application note 1); and (2) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant or participants. We note further that a reduction in the offense level pursuant to § 3B1.2 may not be appropriate, as the application notes provide, where "a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct," because "such a defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense."

---

[4]It would be unreasonable to assume that "participant" meant one thing for the "aggravating role" adjustment, and another thing for the "mitigating role" adjustment. Thus, we do not hesitate to apply the definition of "participant" in the application notes to § 3B1.1 to § 3B1.2.

U.S.S.G. § 3B1.2, application note 4; *Lucht*, 18 F.3d at 556.

### 4. *The effect of a Rule 20 transfer*

Nor can we find that it makes any difference to the applicability of a downward adjustment pursuant to § 3B1.2 that Snoddy was pleading guilty in the District of Nebraska to an indictment from the Southern District of Texas pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Rule 20 provides that, after the defendant has stated a wish to plead guilty in one district after indictment in another, and after the United States attorneys for both districts have agreed to the transfer, "the prosecution shall continue" in the transferee district. FED. R. CRIM. P. 20. The rule does not, however, put any limitations upon the sentencing power of the transferee court. The "continuation" of the prosecution would naturally include consideration of all relevant sentencing guidelines, both aggravating and mitigating, enhancing or reducing. *Cf. United States v. Ford*, 618 F.2d 530, 542 (7th Cir. 1980) ("The reported decisions hold or recognize that where an indictment is transferred under Rule 20, the transferor court loses jurisdiction and the transferee court acquires exclusive jurisdiction of the indictment proceeding. Examples are *Warren v. Richardson*, 333 F.2d 781, 783 (9th Cir. 1964); *Perry v. United States*, 432 F. Supp. 645, 648-49 (M.D. Fla. 1977); *United States v. Binion*, 107 F. Supp. 680 (D. Nev. 1952)."). *But see United States v. Khan*, 822 F.2d 451, 455 (4th Cir. 1987) ("The unmistakable assumption underlying Rule 20 is that a transfer will occur only when a defendant first concedes criminal culpability thereby waiving any trial on the charges. The transfer is then purely for the purpose of imposing sentence. Subject matter jurisdiction is, thereby, shifted from the charging district to the transferee district for the narrow purpose envisioned in the rule," and the transferee court erred by entering a judgment of acquittal, because a determination of the merits of the charges by the transferee court "clearly exceeded the limits of the

delegated jurisdiction under Rule 20").

### 5. *Snoddy's request for a "minor participant" reduction*

We find no legal impediment to application of a "minor participant" reduction to Snoddy's base offense level under U.S.S.G. § 3B1.2, as that sentencing guideline is properly construed.[5] It also appears to us that the sentencing judge probably made the necessary factual findings to satisfy the *Caballero* test we have adopted today. *Caballero*, 936 F.2d at 1299. For example, the sentencing judge was "not quarreling or taking exception" with Snoddy's version of his participation in a multi-participant drug distribution scheme, and indeed, the sentencing judge professed himself willing to grant Snoddy a minor role reduction, based on his degree of participation as compared to others, had Snoddy been charged with conspiracy. Transcript of Sentencing Proceedings, p. 29. However, in an abundance of caution, we will remand to the district court for specific factual determinations of Snoddy's role in the offense and resentencing under a correct construction of U.S.S.G. § 3B1.2, rather than simply reversing and imposing a different sentence. This course seems to us the most prudent, because, as both this court and the District of Columbia Circuit Court of Appeals have previously observed, determination of participant status in an offense is an intensely factual one. *See Padilla-Pena*, 129 F.3d at 471 ("Whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the

---

[5] Indeed, there would be no legal impediment to any "mitigating role" reduction, whether "minimal," "minor," or "in between" pursuant to § 3B1.2, simply because Snoddy was charged with possession with intent to distribute marijuana—a "sole participant" offense—rather than a conspiracy offense.

elements of the offense."); *Caballero*, 936 F.2d at 1299 ("The application of section 3B1.2 is inherently fact-bound and largely committed to the discretion of the trial judge."). Thus, it is more appropriate for the sentencing judge to reassess Snoddy's participation upon a remand.

### *III. CONCLUSION*

In this case, the sentencing judge's conclusion that U.S.S.G. § 3B1.2 did not permit a "minor participant" reduction to a defendant pleading guilty to a "sole participant" offense is inconsistent with current law and must be reversed. Therefore, a remand is required for the sentencing judge to determine whether Snoddy has shown (1) that the "relevant conduct," within the meaning of section 1B1.3(a)(1), for which Snoddy would otherwise be accountable involved more than one participant (as defined in section 3B1.1, application note 1); and (2) that Snoddy's culpability for such conduct was relatively minor compared to that of the other participant or participants.

Reversed and remanded for resentencing in accordance with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

20