# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3982

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Louis Monk, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 7, 2002

Filed:   November 25, 2002

_____

Before McMILLIAN, LAY and RILEY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

On appeal, Louis Monk, Jr., challenges his 46-month sentence imposed by the district court[1] following his plea of guilty to possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in refusing to grant his request for a role-in-the-offense reduction under U.S.S.G. § 3B1.2. We affirm.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

**BACKGROUND**

In February 1997, a Nebraska state patrol officer stopped Monk, who was driving a BMW, for a traffic violation. In a subsequent search of the car, officers discovered 44 packages containing about 175 pounds of marijuana. They later discovered that the car had an altered vehicle identification number. While under indictment in Nebraska for possession with the intent to distribute marijuana, Monk was charged in one count of a nine-count indictment against fourteen defendants in the Eastern District of Michigan for conspiracy to distribute controlled substances. The indictment alleged that Monk's overt act was the possession and transportation of the marijuana seized in Nebraska. In the interests of judicial economy, in August 1999, the Michigan district court dismissed the conspiracy charge against Monk. In September 2001, Monk was convicted of bank fraud in the Eastern District of Michigan. In November 2001, Monk pled guilty to the Nebraska indictment.[2]

On appeal, Monk asserts that he was entitled to a role-in-the-offense reduction under U.S.S.G. § 3B1.2 because he was a minimal participant in the Michigan drug conspiracy.[3]

At the sentencing hearing, Monk's counsel argued that a role-in-the-offense reduction was warranted because Monk had been charged only in one count of the Michigan indictment. The district court told counsel that Monk had the burden to show that he was less culpable than his co-conspirators and "simply saying that he's

---

[2]Monk conceded that the Michigan bank fraud conviction was related to his drug conviction and on that basis the district court sentenced Monk to serve a 46-month concurrent sentence for both the Nebraska drug conviction and the Michigan bank fraud charge.

[3]A minimal participant receives a four-level reduction in the offense level, U.S.S.G. § 3B1.2(a), while a minor participant receives a two-level reduction, id. § 3B1.2(b).

only involved in one overt act" was insufficient. The district court noted that the evidence suggested that Monk was more than a courier in the Michigan drug conspiracy and even if it only considered the Nebraska indictment, Monk had offered no evidence to show that he was substantially less culpable than the average participant.

## DISCUSSION

"[W]e review the district court's interpretation and construction of the sentencing guidelines de novo." United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000), cert. denied, 532 U.S. 1031 (2001) (Alverez). However, "'[w]hether a defendant qualifies for a [§ 3B1.2] reduction is a question of fact, the determination of which we review for clear error.'" Id. (quoting United States v. Hale, 1 F.3d 691, 694 (8th Cir, 1993)). As to matters of law, Monk concedes that he had "[t]he burden . . . to demonstrate that he is entitled to the [§ 3B1.2] reduction," id., but argues that the district court erred in applying United States v. Snoddy, 139 F.3d 1224 (8th Cir. 1998) (Snoddy). In Snoddy, this court held that "a defendant convicted of a 'sole participant' offense may nonetheless be entitled to a reduction in his or her base offense level for a mitigating role pursuant to U.S.S.G. § 3B1.2 ." Id. at 1231. Such a defendant must show "(1) that the 'relevant conduct' . . . for which the defendant would otherwise be accountable involved more than one participant . . .; and (2) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant or participants." Id. The district court did not misapply Snoddy. To the contrary, the district court noted that even though Monk had pled guilty to a sole participant offense he may be entitled to the reduction if he could meet both requirements as set forth in Snoddy. The district court noted that Monk's relevant conduct included the Michigan conspiracy charge, and accordingly Monk met the first requirement. In order to satisfy the second requirement, the district court asked Monk to present evidence to show that he was less culpable than his co-conspirators. Monk's counsel offered no evidence. Monk's assertion on appeal that it is "obvious"

that his culpability was less than others in the conspiracy is not evidence thereof. Appellant's Br. at 9.  Accordingly, Monk failed to meet the requirements of <u>Snoddy</u>.

Nor, as Monk argues, did the district court place upon Monk a heavier burden than the law requires.  Monk concedes that "[a] role as a courier does not automatically entitle the defendant to a downward adjustment."  <u>Alverez</u>, 235 F.3d at 1090.  Although the district court mentioned there was no evidence that Monk was "less culpable than other people globally who do this sort of behavior," the district court did not require Monk to present evidence comparing his role to those of drug couriers throughout the globe.  Rather, the remark was made in context of the district court's offering Monk's counsel yet another opportunity to present any evidence he had in support of a role reduction.   In response, counsel could offer no evidence, telling the district court his argument concerning a failed attempt at a controlled delivery was "the argument that I have."

Because Monk did not satisfy his burden of showing that he was entitled to a § 3B1.2 role-in-the-offense reduction, the district court did not err in denying his request for one.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

-4-