# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3186NI

_____

United States of America,

        Appellee,

v.

Mickie Jo Yager,

        Appellant.

\* On Appeal from the United
\* States District Court
\* for the Northern District
\* of Iowa.

_____

Submitted: March 12, 2003

Filed: May 19, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The defendant, Mickie Jo Yager, pleaded guilty to one count of possessing and attempting to possess pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2) and 846. She claimed she was a minor participant in the manufacturing scheme and requested a downward adjustment. The District Court declined to grant the adjustment. The Court believed that a minor-participant adjustment was not permissible under the circumstances. The Court seems to have thought that a minor-role adjustment was ruled out as a matter of law because defendant was the only participant in the crime charged as it was

alleged in the indictment. We do not believe that the law imposes such an absolute limitation. The sentence will therefore be reversed, and the cause remanded for resentencing.

## I.

Mickie Jo Yager placed a large order for pseudoephedrine, a key methamphetamine ingredient, with a wholesale pharmacy. U.S. Customs Agents intercepted the package, opened it, and then made a controlled delivery of the package to Ms. Yager's home. The agents then entered her apartment and found her, the package, assorted drug paraphernalia, instructions on how to make methamphetamine, glass beakers, and so forth.

Ms. Yager pleaded guilty to possessing 28,800 pseudoephedrine pills with the intention that the pills be used to manufacture methamphetamine. Her final adjusted offense level was 33; her criminal history category was III. This combination produced a sentencing range of 168 to 210 months, and the District Court imposed a term of 168 months (14 years). This appeal focuses on the defendant's request that a two-level downward adjustment, pursuant to Sentencing Guidelines § 3B1.2(b), be granted because she was a minor participant in the scheme to manufacture methamphetamine. The defendant argued that she merely ordered the ingredients, and that others picked them up from her house and actually manufactured the methamphetamine. If defendant should ultimately prevail, the final offense level would be 31, and the sentencing range 135 to 168 months.

## II.

At the sentencing hearing, counsel for defendant asked the Court to grant her a two-level reduction for playing only a minor role in the offense. See U.S.S.G. § 3B1.2(b). The District Court denied this request, saying:

THE COURT: Anything further, Mr. Bishop?

MR. BISHOP: Just, Your Honor, I do want to clarify that in the transcript -- I think it does speak for itself, but the investigator did ultimately state that he believed that Ms. Yager was a gatherer on page 9, line 25 and, more importantly, assisting other people, he felt. And, again, I think it is undisputed that Mr. Tinkham did literally arrive at the scene moments after this had taken place. And, again, we do feel that he was the, I guess for lack of a better word, mastermind or person, individual directing Ms. Yager to do these things.

THE COURT: Ms. Yager is here on a plea on a specific charge of possession and attempt to possess 28,800 60-milligram pseudoephedrine pills on a single occasion. Based upon the violation of that statute, the court believes that it is without authority to entertain a role reduction departure.[1] Simply the law, under the circumstances of that case, would not allow that.

I'm sympathetic to the argument under the circumstances of Ms. Yager's personal condition and personal involvement in what was going on here, but I think, as a legal matter, that I simply would be in error if I were to find that a departure was warranted based upon a role reduction in terms of the role in the offense. So that motion will be denied.

---

[1]Although the Court used the term "departure," it is clear from the context that it meant "reduction." A departure is something that occurs after a defendant's final adjusted offense level and criminal-history category have been determined. A reduction, on the other hand, occurs as part of the process of computing the final adjusted offense level. It is clear from the context of the present case, including the understanding of the parties, that it was a reduction, not a departure, that defendant was requesting.

The Court appears to have believed that the minor-role reduction was ruled out as a matter of law because Ms. Yager was the only person charged, and because the crime charged, possessing and attempting to possess pseudoephedrine, was not a conspiracy, but rather something that occurred "on a single occasion." Id. at 18. In our opinion, this view of the law is contrary to United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998). Snoddy holds "that a defendant convicted of a 'sole participant' offense may nonetheless be entitled to a reduction in his or her base offense level for a mitigating role . . .." Ibid. Under Snoddy, a defendant can receive a mitigating-role reduction if he shows the following:

> (1)     that the 'relevant conduct,' within the meaning of Section 1.B1.3(a)(1), for which the defendant would otherwise be accountable involved more than one participant (as defined in Section 3B1.1, application note 1); and
>
> (2)     that the defendant's culpability for such conduct was relatively minor compared to that of the other participant or participants.

Ibid.

The government asserts that the sentence must be affirmed because it is clear as a matter of law on this record that defendant cannot show that more than one participant was involved. The District Court apparently did not reach this question of fact, and the current state of the record is not clear enough for us to rule on it as a matter of law. At the time of the detention hearing, a government agent testified that at least one other person was involved in the manufacturing scheme, and strongly implied, if he did not state outright, that this other person was more responsible and more culpable than Ms. Yager. The agent also described Ms. Yager as more of a "user or abuser" than a principal offender.

-4-

The safer course is to remand this case for further proceedings. The District Court may consider a minor-role adjustment free of the impression that such an adjustment is ruled out by the fact that no one else was charged in this indictment, and that the indictment does not charge a conspiracy. The burden will be on defendant to show by a preponderance of the evidence that both of the requirements laid out in Snoddy, as quoted above, are met. The District Court is free, in its discretion, to allow either party to introduce additional evidence relevant to the minor-role reduction.

The judgment is reversed, and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.