# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2100

_____

United States of America,         *
                                  *

        Appellee,         *   Appeal from the United States
                                 *   District Court for the Northern
      v.                    *   District of Iowa.
                                 *

Kevin Johnson,          *   [PUBLISHED]
                                 *

        Appellant.       *

_____

Submitted: February 11, 2004
Filed:  March 4, 2004

_____

Before BYE and HEANEY, Circuit Judges, and HOVLAND[1] District Court Judge.

_____

HOVLAND, District Judge.

Kevin Johnson pled guilty to distributing cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 860(a). The district court[2] denied Johnson's request for a mitigating role reduction under the United States Sentencing Commission Guidelines Manual (U.S.S.G.) § 3B1.2 and

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentenced Johnson to 165 months imprisonment. Johnson contends that the district court erred in denying his request for a minor participant reduction. We affirm.

## I.    FACTUAL BACKGROUND

The Government charged Johnson and a co-defendant, Dawan Taylor, in a four- count indictment involving the sale of crack cocaine in the Dubuque, Iowa area. Johnson was charged with two counts of distributing cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 860(a). Johnson pled guilty to count four, which charged him with distributing 23.99 grams of cocaine base within 1,000 feet of a protected location. The remaining count was dismissed after the sentencing hearing, but Johnson admitted to distributing 21.03 grams of cocaine base as alleged in the count. At the sentencing hearing, the district court assigned Johnson a base offense level of 34. He received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, which resulted in an adjusted offense level of 31. Johnson had a criminal history category VI, with a sentencing range of 188 to 235 months. The district court departed downward from the Sentencing Guidelines based upon a substantial assistance motion filed by the Government pursuant to U.S.S.G. § 5K1.1 and Johnson was sentenced to 165 months of imprisonment. The district court denied Johnson's request for a minor participant reduction under U.S.S.G. § 3B1.2.

## II.    LEGAL DISCUSSION

It is well-established that a district court's determination of whether a defendant was a minor participant may only be reversed if clearly erroneous. United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001). This court "will ordinarily affirm the trial court's decision [denying a reduction for the defendant's role in the offense] unless it is not supported by substantial evidence, it evolves from an erroneous conception of the applicable law or [the Court is] left with a firm

conviction that a mistake has been made after having considered the entire record." United States v. Wallraff, 705 F.2d 980, 987 (8th Cir. 1983). Whether a defendant qualifies for a mitigating role reduction is a question of fact. United States v. Thurmon, 278 F.3d 790, 792 (8th Cir. 2002).

The United States Sentencing Commission Guidelines provide for a two-level reduction in a defendant's total offense level if he "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). See United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999)(a defendant who establishes that he was a minor participant in the offense can be granted a two-level reduction). A minor participant has been defined as one "who is less culpable than most other participants whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 3.

The defendant has the burden to prove that he is entitled to a minor participant role reduction. United States v. Surratt, 172 F.3d 559, 567 (8th Cir. 1999). "To determine whether [Johnson] was entitled to a reduction for his role in the offense, we must first define the relevant conduct for which he was held accountable when the district court assessed his base offense level." Thurmon, 278 F.3d at 792. The "same relevant conduct is used not only in determining the defendant's base offense level, but also for any role in the offense adjustments made pursuant to Chapter 3 of the Guidelines." United States v. McCarthy, 97 F.3d 1562, 1574 (8th Cir. 1996). "The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Ramos-Torres, 187 F.3d at 915. Reduction for a defendant's role in an offense is not warranted when the defendant "was not sentenced upon the entire conspiracy but only upon his own actions." Id. That a defendant may be less criminally culpable than other participants in the crime does not mean that the defendant is automatically entitled to a role reduction. See United States v. Logan, 49 F.3d 352, 360 (8th Cir. 1995).

A defendant who is convicted of a "sole participant" offense may be eligible for a reduction in his or her base offense level for a mitigating role under U.S.S.G. § 3B1.2 if the defendant shows the following: "(1) that 'relevant conduct,' within the meaning of section 1B1.3(a)(1), for which the defendant would otherwise be accountable involved more than one participant (as defined in section 3B1.1, application note 1); and (2) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant or participants." United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998).

To satisfy the first prong of the Snoddy test, "[t]here must be multiple actors involved in a concerted criminal activity." United States v. Jimenez, 282 F.3d 597, 600-01(8th Cir. 2002). The description in the presentence report (PSR) of the offense conduct in this case, which Johnson did not contest, indicates that he was the only participant in the offense, namely the distribution of cocaine base.

Johnson contends that he was merely a minor participant in two controlled buys. Johnson argues that but for the conduct of two other individuals, co-defendant Taylor and Billy D. Williams, the two controlled buys could not have occurred. This is the same argument Johnson advanced at the sentencing hearing. The district court inquired as to whether Johnson was the one who supplied the crack cocaine for each of the controlled buys and Johnson's counsel responded that he was. From a review of the transcript of the sentencing hearing, it is clear that the district court found that Johnson was essential to the commission of the controlled buys. We believe that the evidence clearly supports the factual finding that Johnson was not a minor participant in the drug transactions.

The record also reveals that Johnson was not entitled to a mitigating role reduction because he was "deeply involved" in the offense. See United States v. Jones, 145 F.3d 959, 963 (8th Cir. 1998)(no role reduction for a less culpable defendant who is "deeply involved" in criminal acts); United States v. Thompson, 60

F.3d 514, 518 (8th Cir. 1995)(even a defendant who is less culpable than a co-defendant is not entitled to the minor participant reduction if he or she is "deeply involved" in the criminal acts); United States v. Pospisil, 186 F.3d 1023, 1032 (8th Cir. 1999). The uncontested facts in the presentence report show that on February 25, 2002, Johnson personally obtained and distributed 21 grams of cocaine base to a confidential informant (PSR ¶ 12); on March 1, 2002, Johnson personally distributed over 50 grams of cocaine base, including 24 grams sold to an undercover drug enforcement agent, and he attempted to obtain additional quantities from other drug dealers to sell to the undercover agent (PSR ¶ 13); and Johnson had negotiated with the undercover agent about trading drugs for guns in the future (PSR ¶ 13). The uncontested facts show that Johnson was solely responsible for the distribution of more than 70 grams of cocaine base in the Dubuque, Iowa area. He also agreed to swap crack cocaine for guns in the future.

Even if we were to assume that there were other participants in the controlled buys, Johnson presented no evidence to show that he was less culpable than the average participant who sells drugs. This Court has held that, under the second prong of Snoddy, a defendant who conducted drug sales both with and without other individuals present does not establish that he is entitled to a minor participant reduction. United States v. Williams, 185 F.3d 945, 946 (8th Cir. 1999); see United States v. Thurmon, 278 F.3d 790, 793 (8th Cir. 2002). The district court found that Johnson played a significant role in carrying out the drug transactions. We conclude that he has not satisfied the second prong of the Snoddy test. United States v. Monk, 312 F.3d 389, 390-91 (8th Cir. 2003) (holding that the failure to offer evidence that would show the defendant was substantially less culpable than the average participant does not satisfy the second prong of Snoddy). A review of the entire record does not support a downward adjustment for the defendant's role in the criminal activity.

We conclude that Johnson has failed to satisfy both prongs of the Snoddy test and has failed to sustain the burden of proving that he is entitled to a minor

participant role reduction.   Johnson has not shown that there were any other participants in the controlled drug transactions, nor has he demonstrated that his conduct was substantially less culpable than the average participant.   The district court's decision to deny a reduction for a mitigating role in the offense is supported by substantial evidence.   The district court did not err in denying Johnson a minor participant reduction.   We affirm.

_____