# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2681

_____

United States of America,                       *
                                                *
            Appellee,                           *    Appeal from the United States
                                                *    District Court for the District
      v.                                        *    of Nebraska.
                                                *
Ezequiel Jacinto,                               *         [UNPUBLISHED]
                                                *
            Appellant.                          *

_____

Submitted: February 14, 2006
Filed: February 22, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Police officers stopped a car driven by Ezequiel Jacinto for a traffic violation. After officers arrested Jacinto for driving with a suspended license, they conducted an inventory search and found a loaded sawed-off shotgun on the floorboard under a coat, as well as a digital scale and three ounces of marijuana. Jacinto later pleaded guilty to possession of an unregistered shotgun having barrel of less than eighteen inches in length. At the sentencing hearing, Jacinto sought a minor role reduction under U.S.S.G. § 3B1.2, proffering his own testimony that when he stopped to pick up his passenger, the passenger had the gun beneath his coat and showed it to Jacinto when he entered the vehicle. The presentence report shows Jacinto made the same statement to police at the time of his arrest, and presents no alternative version of

events. Although the Government proffered no facts at the hearing, the Government argued neither the presentence report nor the prosecution had referred to anyone else possessing the gun, and no other individual had been charged with the offense of unregistered gun possession. The district court[*] observed that Jacinto's offense required just one person for its commission. The court then denied the reduction "based on the nature of the offense, regardless of who initially may have placed the weapon in the car and in [Jacinto's] possession." The court sentenced Jacinto at the bottom of the advisory Guidelines range to thirty-seven months in prison and three years of supervised release.

On appeal, Jacinto first contends the district court erroneously concluded he was ineligible for a mitigating role reduction under U.S.S.G. § 3B1.2 as a matter of law. Section 3B1.2(b) provides that if the defendant was a minor participant in any criminal activity, the district court may decrease the offense level by two. The commentary notes indicate, however, that § 3B1.2 does not apply

> unless more than one participant was involved in the offense. . . . Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment.

"A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. §§ 3B1.2 n.1, 3B1.1 n.1. We have held that a defendant convicted of a "sole participant" offense may be entitled to the § 3B1.2 reduction if the defendant shows (1) the relevant conduct for which he is accountable involved more than one participant, and (2) the defendant's culpability for the conduct was relatively minor compared to the conduct of the other participants.

---

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998). The defendant has the burden to show entitlement to the reduction. United States v. Salvador, 426 F.3d 989, 993 (8th Cir. 2005). Although we review a district court's interpretation and construction of the Guidelines de novo, we review a district court's decision that a defendant does not qualify for a § 3B1.2 reduction for clear error. United States v. Monk, 312 F.3d 389, 390 (8th Cir. 2002).

The district court did not commit clear error in denying Jacinto the reduction. First, Jacinto failed to show the relevant conduct for which he is accountable involved multiple actors engaged in concerted criminal activity. United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004) (explaining first prong of Snoddy test). The PSR indicated Jacinto was the only participant in the offense. Jacinto's passenger never admitted ownership of the shotgun, and he was not charged with its possession in state or federal court. The shotgun was not found near the passenger, and the passenger's mere presence in the car from which the gun was recovered does not establish the passenger's possession. United States v. Payne, 377 F.3d 811, 815 (8th Cir. 2004). Further, the facts alleged by Jacinto do not support a finding that he and his passenger were engaged in joint criminal activity. Instead, Jacinto maintained he simply encountered his passenger on the street and offered to give him a ride.

Jacinto also argues his post-Booker sentence is unreasonable. See United States v. Booker, 543 U.S. 220 (2005). Jacinto claims the district court ignored unusual mitigating circumstances relating to Jacinto's possession, gave undue weight to the sentencing guidelines, and did not properly balance the sentencing factors in 18 U.S.C. § 3553(a). Because the district court properly declined to apply § 3B1.2 to Jacinto, his Guidelines sentencing range is correct. See United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005) (explaining our review of a sentence's reasonableness). The district court sentenced Jacinto within the range after considering the sentencing factors set forth in § 3553(a). Accordingly, Jacinto's

sentence was reasonable.  See United States v. Vasquez, No. 05-1644, 2006 WL 47514, at \*4 (8th Cir. Jan. 11, 2006).

We thus affirm Jacinto's sentence.

_____