**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cindy HENDRICK, Defendant–
Appellant.**

**No. 97–1512.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1998.

Decided and Filed May 21, 1999.

---

ARGUED: Scott E. Pederson, Grand Rapids, Michigan, for Appellant. John C. Bruha, OFFICE OF THE U.S. ATTORNEY FOR THE WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellee. ON BRIEF: Scott E. Pederson, Grand Rapids, Michigan, for Appellant. John C. Bruha, OFFICE OF THE U.S. ATTORNEY FOR THE WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellee.

Before: MERRITT and DAUGHTREY, Circuit Judges; NIXON *, District Judge.

JOHN T. NIXON, District Judge.

In this appeal, Defendant–Appellant, Cindy Hendrick, argues that the district court erroneously interpreted United States Sentencing Guideline § 2X2.1 to require that a defendant convicted of aiding and abetting in the commission of an of-

---

* The Honorable John T. Nixon, United States District Judge for the Middle District of Ten- nessee, sitting by designation.

fense be given the same base offense level as the principal offender. For the reasons expressed below, we reverse the judgment of the district court with respect to Ms. Hendrick's sentencing and direct that she be resentenced applying an offense level based on her criminal record and not the record of the principal offender.

## I.

Ms. Hendrick pled guilty in the United States District Court for the Western Division of Michigan to aiding and abetting a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and § 2. In its presentence report, the probation department recommended that the district court apply a base offense level of fourteen (14) to Ms. Hendrick. Although neither party objected to this recommendation, the district court concluded that Ms. Hendrick's proper base offense level was twenty-four (24)—the base offense level applied to the principal offender.[1] The district court subsequently granted Ms. Hendrick a four-level downward departure and sentenced her to twenty-one (21) months in custody and three years supervised probation upon release.

Section 2(a) of Title 18, United States Code, provides: "Whoever commits an offense against the United States or aides, abets, counsels, commands, induces or procures its commission, is punishable as a principal." According to United States Sentencing Guidelines, the offense level for a defendant who is convicted of aiding and abetting "is the same level as that for the underlying offense." U.S.S.G. § 2X2.1. Accordingly, the sentencing guideline applicable to Ms. Hendrick is U.S.S.G. § 2K2.1—Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition. That provision

specifies, in pertinent part, that a defendant's base offense level should be twenty-four (24) if the defendant has been convicted of two or more prior felonies, and fourteen (14) if the defendant is classified only as a prohibited person.

The district court concluded that "for purposes of sentencing, Congress intended to treat principals and aiders and abettors as absolute equals.... Accordingly, [the court] find[s] that the defendant in this case must receive the same Base Offense Level that the principal had received, which is 24, and that's pursuant to 2K2.1(a)(2)."

Defendant–Appellant argues that U.S.S.G. § 2K2.1(a)(6) requires that the defendant be scored as *a* principal, not *the* principal. Thus, Ms. Hendrick's base offense level should have been based on *her* criminal record and not the record of the principal offender, Mr. Bennie Rich. Using Ms. Hendrick's criminal record, the highest offense level which the district court could have applied to her under U.S.S.G. § 2K2.1 is fourteen (14) since Ms. Hendrick would qualify, at most, as a prohibited person.

In support of the district court's interpretation of the sentencing guidelines, Plaintiff–Appellee asserts that "[o]ur vast body of conspiracy law demonstrates that subjecting a person to criminal liability for the acts of others is not a unique concept; nor is there anything novel about punishing those 'minor participants' to the same degree as those who actually perform the criminal acts." Plaintiff–Appellee relies on Fourth Circuit authority for the proposition that Congress intended to treat principals and aiders and abettors equally. *United States v. Pierson*, 53 F.3d 62, 65 (4th Cir.1995).

---

1. The principle offender, Bennie Rich, pled guilty in a separate case to various drug and firearm charges, including being a felon in possession of derringers purchased by Ms. Hendrick. His base offense level was computed to be twenty-four (24) since he had more than two prior felony convictions for violent crimes or controlled substance offenses.

## II.

A district court's application of sentencing guidelines to the facts is entitled to due deference and we review any actual findings of fact for clear error. *United States v. Mills,* 1 F.3d 414, 421 (6th Cir.1993). However, this Court reviews de novo a district court's application of sentencing guidelines when the application presents a purely legal question. *United States v. Kushmaul,* 147 F.3d 498, 500 (6th Cir.1998). The instant appeal, like the one presented by *Kushmaul,* requires only an interpretation of the language and meaning of the guidelines. We are faced, therefore, with a purely legal question and our review of the district court's application of the sentencing guidelines is de novo.

## III.

The issue presented by this appeal is one of first impression in this Circuit. The question is relatively simple: should the offense level of a defendant convicted of aiding and abetting the commission of a crime against the United States be calculated using that individual defendant's criminal record or the criminal record of the principal offender?

The United States Sentencing Commission is charged with developing sentencing guidelines for the purpose of providing certainty and fairness in the sentences imposed for violations of federal law. 28 U.S.C. § 991(b)(1)(B). To ensure such certainty and fairness, the guidelines provide courts with a range of appropriate sentences that consider both the nature of the crime committed and the characteristics of the offender. 28 U.S.C. § 944. Thus, the guidelines permit both downward and upward departures depending on the individual defendant's criminal record and the nature and extent of her or his role in the charged offense. U.S.S.G. §§ 3B1.1, 3B1.2. Sentencing courts even have the authority to depart entirely from the applicable guidelines if a particular case presents sufficient atypical features. 18 U.S.C. § 3553(b).

The sentencing guideline applicable to a defendant convicted of aiding and abetting provides simply: "The offense level is the same level as that for the underlying offense." U.S.S.G. § 2X2.1. The underlying offense which Ms. Hendrick aided and abetted was the violation of 18 U.S.C. § 922(g)—illegal possession of a firearm by a convicted felon. That statute applies to any person "who has been convicted in any court of a crime punishable by imprisonment of a term exceeding one year." *Id.* The statute itself makes no distinction between a defendant with numerous felony convictions and a defendant with only a single felony conviction. Rather, a defendant's record becomes relevant only at the sentencing phase. Indeed, that is the purpose of U.S.S.G. § 2K2.1—to affix an appropriate base offense level to the individual defendant based on that individual defendant's criminal record.

The district court concluded that "the defendant in this case must receive the same Base Offense Level that the principal had received...." That interpretation, however, is simply not supported by the plain language of U.S.S.G. § 2K2.1. Nothing in either U.S.S.G. § 2X2.1 or its commentary suggests that the defendant's base offense level must be the same as the principal's base offense level. In fact, the sentencing guideline makes no reference to the principal offender at all—only to the underlying offense. This Court sees a clear distinction between basing an individual's offense level on the underlying offense and basing it on the offense level applied to the principal offender.

U.S.S.G. § 2K2.1 provides that the base offense level for unlawful possession of a firearm depends on the individual defendant's criminal record. It would negate this objective to interpret U.S.S.G. § 2X2.1 to require sentencing courts to automatically apply the same base offense level to all defendants involved in the commission of a crime without considering their respective criminal histories.

■ Plaintiff–Appellee is correct is asserting that our nation's body of conspiracy law reflects nothing novel or improper about punishing minor participants to the same degree as those who actually perform the criminal acts. *Pierson, supra.* However, punishing a defendant convicted of aiding and abetting the commission of a crime to the same degree as the principal offender does not necessarily mean that all participants to a crime are treated exactly the same. Rather, treating an aider and abettor as a principal means only that the defendant is treated as if she or he actually committed the underlying offense.

The sentencing guideline for aiding and abetting states that the defendant's offense level "is the same level as that for *the underlying offense.*" U.S.S.G. § 2X2.1 (Emphasis added). The guideline does not say that the defendant's offense level is the same level as that for *the principal offender.* There is, therefore, merit to the Defendant–Appellant's emphasis on the use of the article "a" rather than "the" in the commentary to U.S.S.G. § 2X2.1: "A defendant convicted of aiding and abetting is punishable as *a* principal." (Emphasis added.)

Furthermore, the Court notes that Plaintiff–Appellee has read too much into the Fourth Circuit's decision in *Pierson.* The *Pierson* Court was dealing with a statute that imposed a minimum mandatory sentence. 53 F.3d at 63. The question before the Fourth Circuit, therefore, was whether a defendant, convicted of aiding and abetting in the commission of a crime, was subject to the same mandatory minimum sentence as the principal offender. *Id.* at 66. When a defendant is convicted of aiding and abetting the commission of an offense which carries a minimum mandatory sentence and the principal offender is sentenced to that mandatory minimum, it logically follows that the defendant will receive the same sentence as the principal. We believe that is as far as the *Pierson* decision goes.

The situation presented by the instant appeal is clearly distinguishable. Here, the underlying offense does not require imposition of a minimum mandatory sentence. Rather, proper sentencing for the illegal possession of a firearm requires the Court to consider the individual defendant's criminal record. Nothing in the *Pierson* decision suggests that all participants to a crime should always and automatically be treated similarly and we find no other authority for such a proposition.

## IV.

■ We find that the district court's interpretation of U.S.S.G. § 2X2.1 is inconsistent with the purposes of the sentencing guidelines. The objective of ensuring fairness in sentencing precludes the automatic application of a principal offender's base offense level to a defendant convicted of aiding and abetting the commission of the underlying offense. The guidelines require a sentencing court to treat the aider and abettor as though he or she committed the underlying offense; not as though he or she and the principal offender are the same person.

For these reasons, we conclude that the district court improperly interpreted United States Sentencing Guideline § 2X2.1. We therefore REVERSE the judgment of the district court with respect to Ms. Hendrick's sentencing and REMAND the case to the district court with instructions that the court resentence Ms. Hendrick applying a base offense level that is based on her criminal record and not the record of the principal offender.