In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1964

United States of America,

Plaintiff-Appellee,

v.

Amachi Isienyi,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 671--Ann Claire Williams, Judge.


Argued January 4, 2000--Decided March 20, 2000


Before Flaum, Easterbrook, and Manion, Circuit Judges.

Flaum, Circuit Judge. Amachi Isienyi pled guilty to knowingly and intentionally importing 842 grams of mixtures containing heroin in violation of 21 U.S.C. sec. 952(a). The United States District Court for the Northern District of Illinois sentenced him to 57 months in custody, four years supervised release, and ordered him to pay a $2,000 fine. For the reasons stated below, we affirm the decision of the district court.

Background

Two individuals in Nigeria recruited Isienyi to smuggle drugs into the United States. These individuals transported Isienyi from Nigeria to Kenya, where Isienyi met another member of the smuggling operation, who instructed Isienyi and made arrangements for him to transport drugs from Kenya to Chicago, Illinois.

Isienyi followed the instructions and ingested (or had implanted in his rectum) 72 pellet-like objects containing a substance that he knew to be some type of narcotic drug. On September 17, 1998, with the pellets still within his person, Isienyi traveled by air from Kenya to Belgium, and from there to O'Hare International Airport in Chicago. Upon arriving at O'Hare airport, Isienyi was detained and subsequently arrested by United States Customs officials. After the

pellets were passed by Isienyi, they were tested and found to contain 842 grams of 91 percent pure heroin.

On November 30, 1998, Isienyi pled guilty pursuant to a negotiated plea agreement. The probation officer calculated his offense level to be 25, which included a two-level safety valve reduction and a three-level adjustment for acceptance of responsibility. Isienyi filed a motion requesting that the sentencing court reduce his adjusted base level, pursuant to sec. 3B1.2, because he was a minimal or minor participant in the crime. The sentencing court denied the request, and with an adjusted base offense level of 25 and a criminal history category I, Isienyi faced a sentence of 57 to 71 months. The court imposed a sentence of 57 months incarceration, to be followed by a four-year term of supervised release, and it ordered Isienyi to pay a $2,000 fine.

Isienyi now appeals this sentence in two respects. First, Isienyi contends that the sentencing court erred in denying his request for a mitigating role adjustment pursuant to sec. 3B1.2. Second, he contends that the sentencing court erred in ordering the $2,000 fine.

Discussion

A.

Isienyi argues that he should have been awarded a two- to four-level downward adjustment in his offense level because his role in the offense was minimal or at least minor. Section 3B1.2 of the Sentencing Guidelines provides a range of adjustments based on an individual's mitigating role in the offense. Subsection (a) instructs the sentencing court to decrease an individual's offense level by four levels if the individual "was a minimal participant" in the criminal activity. U.S.S.G. sec. 3B1.2(a). The commentary explains that subsection (a) applies to those "who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. sec. 3B1.2, cmt. n.1. Subsection (b) instructs the sentencing court to decrease an individual's offense level by two levels if he "was a minor participant" in the criminal activity, and the commentary defines a minor participant as one "who is less culpable than most other participants." U.S.S.G. sec. 3B1.2, cmt. n.3. Section 3B1.2 provides for an intermediate adjustment of three levels for cases falling between (a) and (b).

Isienyi contends that the sentencing court erred in denying him an adjustment pursuant to this

section of the Guidelines because he played only a small role in the criminal activity that resulted in his arrest. Isienyi was convicted of importing a single load of heroin into the United States, but his actions were minor relative to the other participants in the international drug smuggling scheme. The sentencing court refused to consider Isienyi's role in comparison to the conduct of other participants in the drug smuggling scheme because Isienyi was charged and held accountable only for the drugs that he personally transported into the United States.

Isienyi concedes that the law of this Circuit is firmly established against him. We recently rejected an identical argument in United States v. Griffin, 150 F.3d 778 (7th Cir. 1998), where we reiterated that "[i]n determining the applicability of sec. 3B1.2, 'the relevant inquiry is whether the defendant was a minor participant in the crime for which he was convicted, not whether he was a minor participant in some broader conspiracy that may have surrounded it.'" Id. at 787 (quoting United States v. Brown, 136 F.3d 1176, 1185-86 (7th Cir. 1998)). Thus, as we made clear in United States v. Burnett, 66 F.3d 137 (7th Cir. 1995), "[w]hen a courier is held accountable for only the amounts he carries, he plays a significant rather than a minor role in that offense," id. at 140, and he is therefore not entitled to a mitigating role reduction. See also United States v. Cobblah, 118 F.3d 549, 552 (7th Cir. 1997) (affirming the denial of a mitigating role adjustment where the defendant was not held "accountable for drug quantities beyond that which he picked up on that single day"); United States v. Uriostegui-Estrada, 86 F.3d 87, 90 (7th Cir. 1996) (affirming the denial of a mitigating role adjustment where the defendant was held accountable only for the amount of drugs he personally carried); United States v. Lampkins, 47 F.3d 175, 180-81 (7th Cir. 1995) (same). The sentencing court was correct in placing Isienyi's case within this long line of precedent.

We recognize that circuits have taken differing approaches in applying sec. 3B1.2 to these types of cases. Compare, e.g., United States v. Rodriguez De Varon, 175 F.3d 930, 942-44 (11th Cir. 1999) (en banc) (agreeing with this Circuit that, "in determining a defendant's role in the offense, a district court must measure the defendant's role against the relevant conduct attributed to her in calculating her base offense level."); United States v. James, 157 F.3d 1218, 1220 (10th Cir. 1998) (holding "that when the relevant conduct of the larger conspiracy is not taken into account in establishing a defendant's base offense level, a reduction pursuant to

U.S.S.G. sec. 3B1.2 is not warranted"); United States v. Olibrices, 979 F.2d 1557, 1560 (D.C. Cir. 1992) (holding that a reduction for minor role in an offense cannot be awarded when the larger offense was not taken into account in setting the base level), with, United States v. Isaza-Zapata, 148 F.3d 236, 240 (3d Cir. 1998) (holding that even if a courier is charged with importing only the quantity of drugs that he actually carried, the sentencing court must examine the relative conduct of other participants in the scheme in assessing the courier's relative culpability); United States v. Snoddy, 139 F.3d 1224, 1230-31 (8th Cir. 1998) (holding that a defendant convicted of a sole-participant offense may nonetheless be entitled to a mitigating role adjustment); United States v. Demers, 13 F.3d 1381, 1385-86 (9th Cir. 1994) (holding that a courier convicted of possession with intent to distribute may be entitled to a mitigating role reduction even if his base offense level did not account for the amount of drugs involved in the larger trafficking scheme).

We believe, nonetheless, that this Circuit's approach remains a sound one. It is consistent with the Guidelines commentary, which explains that "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense."/1 U.S.S.G. sec. 3B1.2, cmt. n.4; see also Lampkins, 47 F.3d at 181 n.3. The mitigating role adjustment appears to contemplate a defendant who, because of his role in a concerted activity, is held accountable for the acts of others; the purpose of the adjustment is therefore not implicated when, as here, the defendant is charged only with importing the drugs that he actually carried. See Burnett, 66 F.3d at 141 ("[The] principal office [of sec. 3B1.2] is to give the district judge a means to mitigate unduly harsh punishment that mechanical application of the relevant-conduct rules might yield."). We find no error in the sentencing court's denial of a reduction pursuant to sec. 3B1.2.

B.

Isienyi also argues that the sentencing court erred in finding that he should pay a $2,000 fine. This fine is to be paid from the Inmate Financial Responsibility Program (IFRP), which garnishes an inmate's prison wages to satisfy his financial obligations. Isienyi contends that the

pre-sentence report (PSR), the findings of which the sentencing court adopted, found that he has no present ability to pay a fine, and the facts of his case show that any fine will result in severe hardship. He further contends that the sentencing court failed to consider the factors relating to fines set forth in sec. 5E1.2./2 We disagree.

A sentencing court's imposition of a fine is subject to plain error analysis when no objection to the fine was raised below. United States v. Bauer, 129 F.3d 962, 964 (7th Cir. 1997). Isienyi argues that the court's adoption of the PSR finding that Isienyi is not presently able to pay a lump sum fine and is not able to pay "on an installment basis at this time" is irreconcilable with the sentencing court's finding that a fine was appropriate. But the sentencing court's adopting of the PSR finding that Isienyi is unable to pay "on an installment basis at this time" does not logically preclude a finding that, although Isienyi might not be able to afford a fine within the Guidelines range, he could afford a substantially lower fine, especially one based on future earnings over the course of his prison term and, if necessary, during his period of supervised release. We have previously upheld the authority of sentencing courts to order that imposed fines be satisfied by withdrawing money from an inmate's prison earnings. See United States v. Sanchez-Estrada, 62 F.3d 981, 989 (7th Cir. 1995); United States v. Young, 66 F.3d 830, 839 & n.7 (7th Cir. 1995); United States v. Gomez, 24 F.3d 924, 926-27 (7th Cir. 1994). Based on the PSR findings with regard to Isienyi's financial condition, the sentencing court departed downward substantially from the Guidelines range, ordered that Isienyi pay the fine imposed through the IFRP, and waived interest on the fine and the costs of incarceration and supervision. We find no plain error in the court's decision.

Conclusion

For the reasons stated, we AFFIRM the district court's rulings.

/1 The commentary note goes on to give the following example: "[I]f a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine . . . is convicted of simple possession of cocaine, no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine."

/2 Guideline 5E1.2(a) states in pertinent part that a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." See U.S.S.G. sec. 5E1.2(d)(1)-(8) (listing factors to be considered by a sentencing court in assessing a fine, including seriousness of the offense, the defendant's ability to pay, and other equitable considerations).