In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1560

United States of America,

Plaintiff-Appellee,

v.

Guadalupe Almanza,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 97 CR 50049--Philip G. Reinhard, Judge.

Argued April 25, 2000--Decided August 30, 2000

Before Posner, Easterbrook, and Evans, Circuit Judges.

Posner, Circuit Judge.  The defendant was convicted of conspiring with two other men to possess cocaine with intent to distribute it, and was sentenced to 78 months in prison. The only issue that warrants discussion is whether the judge should have given him a 4-level sentencing discount for being a minimal participant, rather than the 2-level discount for being a minor participant that the judge did give him.

Almanza's coconspirators, the Santoyo brothers, arranged to purchase six kilograms of cocaine from a person who, to their misfortune, turned out to be a government informant. They brought Almanza with them, but in what capacity is unclear, though there was sufficient evidence to convict him of having joined the conspiracy. He admitted knowing that the Santoyos were drug dealers, he accompanied them to a storage locker at which they picked up the money for the purchase of the cocaine, and when the three of them were arrested at the site of the transaction he was carrying $5,000 in cash bundled together in the same way as the $102,000 in cash found in one of the two cars in which the three conspirators had driven to the site, which was the agreed purchase price of the cocaine.

Section 3B1.2 of the federal sentencing guidelines provides that if the defendant was a

"minimal participant" in the offense, his offense level should be dropped 4 levels but if he was a "minor participant" it should be dropped 2 levels and "in cases falling between" 3 levels. The guidelines define a minimal participant as one who is "plainly among the least culpable of those involved in the conduct of a group," and a minor participant as one who is "less culpable than most other participants." U.S.S.G. sec. 3B1.2, Application Notes 1-2. These are not illuminating definitions, and we must consider the purpose of this discounting scheme. The purpose derives from the extraordinary severity with which the law regards participation in a conspiracy. Anyone who agrees to join a criminal undertaking is a conspirator, and he is liable for all the criminal acts of the conspiracy that are foreseeable to him, e.g., Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); United States v. Hach, 162 F.3d 937, 951 (7th Cir. 1998), regardless of how large or small his own role is. E.g., United States v. Hardin, 209 F.3d 652, 665 (7th Cir. 2000); United States v. Goines, 988 F.2d 750, 759-60 (7th Cir. 1993); United States v. Hendrick, 177 F.3d 547, 551 (6th Cir. 1999). The result is that a minor participant in a major conspiracy is potentially subject to very severe punishment. One purpose of the discounting scheme in section 2B1.2 of the sentencing guidelines is to reduce the rigidity of this punishment scheme by differentiating the liability of the major and minor participants. If the defendant is charged just with the transaction in which he personally participated and if--an essential qualification--the separate transactions of his coconspirators are not counted as his relevant conduct for sentencing purposes, U.S.S.G. sec. 1B1.3 and Application Note 2; United States v. Lampkins, 47 F.3d 175, 180-81 (7th Cir. 1995); United States v. Goines, supra, 988 F.2d at 775; United States v. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991), then he is not subject to disproportionately severe punishment and therefore, in this circuit at least, is not entitled to any discount. E.g., United States v. Hamzat, No. 97-1987, 2000 WL 821740, at *2-3 (7th Cir. June 26, 2000); United States v. Isienyi, 207 F.3d 390 (7th Cir. 2000); United States v. Beltran, 109 F.3d 365, 370-71 (7th Cir. 1997). The other circuits that have confronted this issue, with the exception only of the Ninth, agree with this position. See, e.g., United States v. Roberts, No. 98-4091, 2000 WL 1042972 (6th Cir. July 28, 2000); United States v. Rodriguez de Varon, 175 F.3d 930, 942-44 (11th Cir. 1989) (en banc); United States v. James, 157 F.3d 1218 (10th Cir. 1998). The contrary Ninth Circuit cases are United States v. Ruelas, 106 F.3d 1416, 1419 (9th Cir 1997), United States v. Demers, 13 F.3d 1381 (9th Cir. 1994). Two other

cases that have language indicative of disagreement with our position, United States v. Isaza-Zapata, 148 F.3d 236, 241-42 (3rd Cir. 1998), and United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998), are distinguishable because all they hold is that the fact that the conduct of coconspirators was not included in the charge against the defendant does not bar a minor-participant discount, for the conduct might still have been deemed relevant at his sentencing.

 The simplest case for grasping the distinction stated in the preceding paragraph is one in which the defendant is charged with just the drug transactions in which he participated and the transactions of the other conspirators are not included in his relevant conduct. But one can imagine a case in which the issue was not other transactions but instead the defendant's conduct in all the conspiracy's transactions relative to the conduct of the other conspirators. E.g., United States v. Rodriguez de Varon, supra, 175 F.3d at 945. He might have played only a small role in the conspiracy, for example as a courier or look out. That would be an independent basis for a section 2B1.2 sentencing discount--though only, to repeat, if either he was charged with participating in the entire conspiracy or the acts of the other conspirators were charged to him for sentencing purposes as relevant conduct. E.g., United States v. Isienyi, supra.

 The natural way for the Sentencing Commission to have dealt with these possibilities would have been to provide that the sentencing judge could reduce a minor participant's sentence by 2, 3, or 4 levels, depending on the defendant's relative culpability. That culpability is a function both of the character of the defendant's participation and of the scope of the conspiracy. Holding the scope constant, the less significant the defendant's participation, the more minor it is; but holding his participation constant, the broader the scope of the conspiracy, the more minor his participation. The first point is obvious, the second less so but equally important. The "mule" who transports one kilogram of cocaine is a more minor participant in a conspiracy to distribute 1,000 kilograms of cocaine than in a conspiracy to distribute 10 kilograms of cocaine, because the potential punishment of a member of the first conspiracy is so much greater, even though his conduct is identical. We made the converse point in United States v. Jackson, 207 F.3d 910, 1919-20 (7th Cir. 2000), noting that in a very extensive conspiracy, a participant whose role (in that case, supervising a host of underlings in a drug conspiracy that generated hundreds of millions of

dollars in revenues annually) in an ordinary conspiracy would be major might, in relation to the activities of other members of the conspiracy, be minor.

Instead of saying just that the judge can give the minor participant a 2, 3, or 4 level discount depending on how minor his participation was, the guidelines direct the judge to decide whether his participation was "minor," "minor/minimal," or "minimal." But the words add nothing to the numbers. They denote differences of degree rather than of kind. It is clear enough where Almanza falls: "minor" (2). He was a minor participant in the three-man conspiracy, but because the defendants were punished just for the single (aborted) transaction, Almanza was not at risk of being punished heavily because he was a tiny cog in a huge wheel, the kind of risk that might justify a 3- or 4-level discount. He corresponds to the mule in the 10-kilogram conspiracy, not the mule in the 1,000-kilogram conspiracy. Or so at least the district judge could determine without committing a clear error.

Affirmed.