**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramon L. CRUZ, Defendant–Appellant.**

No. 00–2188.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 15, 2000

Decided Nov. 30, 2000

Mel S. Johnson (argued), Thomas P. Schneider, Office of the U.S. Attorney, Milwaukee, WI, for plaintiff–appellee.

Allan D. Krezminski (argued), Milwaukee, WI, for defendant–appellant.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

The defendant was sentenced to 75 months in prison for possession with intent to distribute 156 grams of heroin. 21 U.S.C. § 841(a)(1). He challenges his sentence on the ground that he was eligible for a sentencing discount as a minor or minimal participant in the conduct that resulted in his arrest and conviction. See U.S.S.G. § 3B1.2.

■ The defendant carried the 156 grams by train from New York to Milwaukee, where he was arrested. It appears that he was part of a larger operation; he may indeed have been only a courier; but no one else involved in his offense was arrested, and as a result he was charged only with possession with intent to distribute the 156 grams; nor was any other aspect of the larger operation of which his transportation of the heroin may have been a part deemed relevant conduct affecting his sentence.

■ When no conduct of other participants in a criminal scheme is attributed to a defendant for purposes of sentencing, our cases hold that he is not entitled to a sentencing discount because he is a minor or minimal participant in some larger criminal activity of which the conduct for which he is being punished is a part. E.g., *United States v. Almanza,* 225 F.3d 845, 846 (7th Cir.2000); *United States v. Hamzat,* 217 F.3d 494, 497 (7th Cir.2000); *United States v. Isienyi,* 207 F.3d 390, 392 (7th Cir.2000). This is the view of most of the other circuits as well, as noted in *United States v. Almanza, supra,* 225 F.3d at 846. Cruz asks us to reexamine our position, noting that two other circuits reject it. *United States v. Snoddy,* 139 F.3d 1224, 1230–31 (8th Cir.1998); *United States v. Demers,* 13 F.3d 1381, 1385–86 (9th Cir.1994). But these decisions have been discussed and either distinguished or rejected in the cases in our court cited above, and so they provide no basis for overruling those cases. In any event we think our position is correct. An example will show why. Imagine two defendants, each a courier for a drug ring. One of the drug rings is very large, is in fact international in scope. The other is very small, is in fact entirely local. Defendant A, who is part of the large ring, possesses 156 grams of heroin with intent to distribute. Defendant B, who is part of the small ring, possesses 156 grams of heroin with intent

to distribute. Both are charged just with that possession, and in sentencing the judge gives no weight to the activities of the other members of the ring. Nevertheless, on Cruz's submission, A should receive a lighter sentence than B because he is part of the larger ring, implying that the other participants are bigger fry relative to him than the other participants in B's conspiracy are relative to B. We cannot see the logic of that position. The defendants' conduct is identical, and they are being punished just for that conduct and not for the conduct of anyone else. To differentiate their punishment on the basis of activity unrelated to their culpability would be arbitrary. Indeed, to punish more lightly the participant in the more serious conspiracy strikes us as downright perverse.

AFFIRMED.