In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2188

United States of America,

Plaintiff-Appellee,

v.

Ramon L. Cruz,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-CR-205--Charles N. Clevert, Judge.

Argued November 15, 2000--Decided November 30, 2000


 Before Posner, Easterbrook, and Kanne, Circuit Judges.

 Posner, Circuit Judge. The defendant was
sentenced to 75 months in prison for possession
with intent to distribute 156 grams of heroin. 21
U.S.C. sec. 841(a)(1). He challenges his sentence
on the ground that he was eligible for a
sentencing discount as a minor or minimal
participant in the conduct that resulted in his
arrest and conviction. See U.S.S.G. sec. 3B1.2.

 The defendant carried the 156 grams by train
from New York to Milwaukee, where he was
arrested. It appears that he was part of a larger
operation; he may indeed have been only a
courier; but no one else involved in his offense
was arrested, and as a result he was charged only
with possession with intent to distribute the 156
grams; nor was any other aspect of the larger
operation of which his transportation of the
heroin may have been a part deemed relevant
conduct affecting his sentence.

 When no conduct of other participants in a
criminal scheme is attributed to a defendant for
purposes of sentencing, our cases hold that he is
not entitled to a sentencing discount because he
is a minor or minimal participant in some larger
criminal activity of which the conduct for which
he is being punished is a part. E.g., United
States v. Almanza, 225 F.3d 845, 846 (7th Cir.
2000); United States v. Hamzat, 217 F.3d 494, 497
(7th Cir. 2000); United States v. Isienyi, 207
F.3d 390, 392 (7th Cir. 2000). This is the view
of most of the other circuits as well, as noted

in United States v. Almanza, supra, 225 F.3d at 846. Cruz asks us to reexamine our position, noting that two other circuits reject it. United States v. Snoddy, 139 F.3d 1224, 1230-31 (8th Cir. 1998); United States v. Demers, 13 F.3d 1381, 1385-86 (9th Cir. 1994). But these decisions have been discussed and either distinguished or rejected in the cases in our court cited above, and so they provide no basis for overruling those cases. In any event we think our position is correct. An example will show why. Imagine two defendants, each a courier for a drug ring. One of the drug rings is very large, is in fact international in scope. The other is very small, is in fact entirely local. Defendant A, who is part of the large ring, possesses 156 grams of heroin with intent to distribute. Defendant B, who is part of the small ring, possesses 156 grams of heroin with intent to distribute. Both are charged just with that possession, and in sentencing the judge gives no weight to the activities of the other members of the ring. Nevertheless, on Cruz's submission, A should receive a lighter sentence than B because he is part of the larger ring, implying that the other participants are bigger fry relative to him than the other participants in B's conspiracy are relative to B. We cannot see the logic of that position. The defendants' conduct is identical, and they are being punished just for that conduct and not for the conduct of anyone else. To differentiate their punishment on the basis of activity unrelated to their culpability would be arbitrary. Indeed, to punish more lightly the participant in the more serious conspiracy strikes us as downright perverse.

Affirmed.