In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1409

United States of America,

Plaintiff-Appellee,

v.

Ramona Vega,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 Cr 756-1--Robert W. Gettleman, Judge.


Argued August 9, 2000--Decided March 2, 2001


  Before Posner, Ripple, and Williams, Circuit Judges.

  Per Curiam.  Ramona Vega pleaded guilty to
distributing cocaine pursuant to a plea agreement
in which she "knowingly waive[d] the right to
appeal any sentence within the maximum provided
in the statute(s) of conviction . . . on any
ground whatever." The district court granted
Vega's motion for a two-level minor-role
reduction and entered a judgment sentencing her
to 56 months' imprisonment on December 24, 1998.
On December 29, the government moved for
reconsideration of the sentence, arguing, as it
had at the sentencing hearing, that no minor role
reduction was warranted because Vega was held
accountable only for the quantity of drugs she
personally delivered. See, e.g., United States v.
Isienyi, 207 F.3d 390, 392 (7th Cir. 2000), cert.
denied, 121 S. Ct. 622 (2000). The district court
agreed, and on February 5, 1999, issued an
amended judgment increasing Vega's sentence to 70
months. Vega appealed from this judgment, which
was entered on February 10.

  18 U.S.C. sec. 3582(c)(1)(B) prohibits courts
from increasing a term of imprisonment after its
imposition other than as authorized by Rule 35 of
the Federal Rules of Criminal Procedure, and the
relevant provision of Rule 35 permits sentencing
courts to "correct" a sentence within seven days
of its imposition. See Fed. R. Crim. P. 35(c).
The seven-day limit is jurisdictional, e.g.,

United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000); United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000), and the government concedes that the district court's order purporting to amend Vega's sentence was entered outside the seven-day limit and thus without legal authority.

The government insists, however, that Vega waived her right to appeal the jurisdictional issue by waiving her right to appeal her sentence. But the government does not explain how the term "sentence," as used in the plea agreement, encompasses the district court's February 10 judgment. The terms of a plea agreement are interpreted according to the parties' reasonable expectations at the time they entered it, see United States v. Lezine, 166 F.3d 895, 901 (7th Cir. 1999), and here it seems clear that the parties expected the term "sentence" to include only the events of the January 24 sentencing hearing, during which the court had jurisdiction to sentence Vega, and not any later attempt by the court to amend Vega's sentence absent jurisdiction.

Moreover, any attempt to waive this jurisdictional issue in a plea agreement would have been ineffectual because a defendant cannot confer jurisdiction on a court by way of plea agreement. See United States v. Ruelas, 106 F.3d 1416, 1418 (9th Cir. 1997) (appeal based on absence of jurisdiction not barred by waiver because defendant could not confer jurisdiction on district court); see also, e.g., Floyd v. Thompson, 227 F.3d 1029, 1035 (7th Cir. 2000) (subject matter jurisdiction can neither be stipulated nor waived).

Because Vega's appeal is outside the scope of her appeal waiver, the district court's judgment is VACATED and the case REMANDED for re-imposition of the original sentence.