For the reasons set forth above, the district court's order is **AFFIRMED.**

UNITED STATES of America, Plaintiff–Appellee,

v.

Litto PEREZ, Defendant–Appellant.

No. 00–3895.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 2001.

Decided April 16, 2001.*

* The court subsquently decided to release this as an opinion.

David E. Bindi (submitted), Barry Rand Elden, Chief of Appeals, Office of the U.S. Atty., Crim. Div., Chicago, IL, for Plaintiff-Appellee.

Noah Robinson, Edgefield, SC, pro se.

Before EASTERBROOK, RIPPLE, and WILLIAMS, Circuit Judges.

PER CURIAM.

■ Convicted of conspiring to possess cocaine with intent to distribute that drug, and sentenced to 46 months' imprisonment, Litto Perez raises a single argument on appeal: he contends that the district judge erred in concluding that he lacks authority to grant Perez a reduction under U.S.S.G. § 3B1.2 for playing a minor or minimal role in that offense. The district court recognized that, under the interpretation prevailing in this circuit, § 3B1.2 does not permit a reduction when a defendant is held accountable only for drugs that he handled personally, as Perez was. E.g., *United States v. Cruz*, 233 F.3d 492 (7th Cir.2000); *United States v. Isienyi*, 207 F.3d 390 (7th Cir.2000); *United States v. Burnett*, 66 F.3d 137 (7th Cir.1995). Perez asks us to reconsider that position. Many other defendants have made that request before him, and we have always declined, for reasons laid out in *Cruz*.

■ Perez observes that the Sentencing Commission may not share our view. It has published for comment a draft amendment that would depart from the position this circuit follows. 65 Fed. Reg. 66,792 (Nov. 7, 2000). But proposals to amend the Guidelines do not invariably lead to amendments—they must first be promulgated and then left undisturbed by Congress—and judges must apply the Guidelines in force when a defendant is sentenced. *United States v. Buckowich*, 243 F.3d 1081, 1084–85 (7th Cir.2001); *United States v. Jackson*, 103 F.3d 561, 571–73 (7th Cir.1996). Amendments apply only to sentences pronounced after the changes go into force, unless the Commission makes them retroactive. 18 U.S.C. § 3582(c)(2); *Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir.1993). Otherwise the court must apply the whole Guidelines manual in force at a given time; a judge may not choose one provision from the 1999 version, another from the 2001 version, and so on. U.S.S.G. § 1B1.11(b)(2).

If the Commission changes the Guidelines and makes the change retroactive, Perez will be entitled to seek that benefit. (Whether he would be entitled to a reduction even under the language published for comment last year is a question we do not address.) As things stand, however, the sentence is entirely proper.

Affirmed.