In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3895

United States of America,

Plaintiff-Appellee,

v.

Litto Perez,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CR 301--Milton I. Shadur, Judge.

Argued April 12, 2001--Decided April 16, 2001/*


   Before EASTERBROOK, RIPPLE, and WILLIAMS,
Circuit Judges.

   PER CURIAM.  Convicted of conspiring to
possess cocaine with intent to distribute
that drug, and sentenced to 46 months'
imprisonment, Litto Perez raises a single
argument on appeal: he contends that the
district judge erred in concluding that
he lacks authority to grant Perez a re-
duction under U.S.S.G. sec.3B1.2 for
playing a minor or minimal role in that
offense. The district court recognized
that, under the interpretation prevailing
in this circuit, sec.3B1.2 does not per-
mit a reduction when a defendant is held
accountable only for drugs that he han-
dled personally, as Perez was. E.g.,
United States v. Cruz, 233 F.3d 492 (7th
Cir. 2000); United States v. Isienyi, 207
F.3d 390 (7th Cir. 2000); United States
v. Burnett, 66 F.3d 137 (7th Cir. 1995).
Perez asks us to reconsider that posi-
tion. Many other defendants have made
that request before him, and we have
always declined, for reasons laid out in
Cruz.

   Perez observes that the Sentencing
Commission may not share our view. It has
published for comment a draft amendment
that would depart from the position this
circuit follows. 75 Fed. Reg. 66,792
(Nov. 7, 2000). But proposals to amend
the Guidelines do not invariably lead to

amendments--they must first be promulgated and then left undisturbed by Congress--and judges must apply the Guidelines in force when a defendant is sentenced. United States v. Buckowich, No. 99-4105 (7th Cir. Mar. 22, 2001), slip op. 6-7; United States v. Jackson, 103 F.3d 561, 571-73 (7th Cir. 1996). Amendments apply only to sentences pronounced after the changes go into force, unless the Commission makes them retroactive. 18 U.S.C. sec. 3582(c)(2); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993). Otherwise the court must apply the whole Guidelines manual in force at a given time; a judge may not choose one provision from the 1999 version, another from the 2001 version, and so on. U.S.S.G. sec. 1B1.11(b)(2).

If the Commission changes the Guidelines and makes the change retroactive, Perez will be entitled to seek that benefit. (Whether he would be entitled to a reduction even under the language published for comment last year is a question we do not address.) As things stand, however, the sentence is entirely proper.

Affirmed

FOOTNOTE

/* The court subsquently decided to release this as an opinion.