**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cornelio FELIX–MOLINA,**
**Defendant–Appellant.**

**No. 01–1638.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 14, 2001.*

Decided Aug. 22, 2001.

Before POSNER, RIPPLE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Cornelio Felix–Molina pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 87 months imprisonment, three years of supervised release, and a $100 special assessment. Although he was held responsible only for the quantity of drugs that he actually possessed, Mr. Felix–Molina unsuccessfully contended at sentencing that he was merely a courier in a larger drug ring and that he was thus entitled to a mitigating role reduction in his offense level under U.S.S.G. § 3B1.2.

On appeal Mr. Felix–Molina asks us to reexamine the holding in *United States v. Isienyi,* 207 F.3d 390 (7th Cir.2000), that when a drug courier is held accountable only for the amount of drugs he carried, he is not entitled to a mitigating role reduction under § 3B1.2. We have reaffirmed the holding in *Isienyi* several times, *see e.g., United States v. Perez,* 249 F.3d 583, (7th Cir.2001); *United States v. Cruz,* 233 F.3d 492 (7th Cir.2000); *United States v. Hamzat,* 217 F.3d 494 (7th Cir.2000); *United States v. Almanza,* 225 F.3d 845 (7th Cir.2000), and Mr. Felix–Molina has not raised any arguments to convince us

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

that we should abandon the settled rule in this circuit.

Mr. Felix–Molina correctly notes that the U.S. Sentencing Commission has submitted amendments to Congress that would depart from the rule we follow in this circuit. In particular, the amendment would adopt the approach articulated by the Eleventh Circuit in *United States v. Rodriguez De Varon,* 175 F.3d 930 (11th Cir.1999), holding that U.S.S.G. § 3B1.2 does not automatically preclude a defendant from being considered for a mitigating role adjustment when the defendant is held accountable solely for the amount of drugs he or she personally handled. *See* U.S. Sentencing Guidelines, Proposed Amendments, May 1, 2001 (available at *www.ussc.gov/guidelin.htm).* The proposed amendment would not require that the defendant receive a downward adjustment in such a case; it merely provides that a defendant is not precluded from consideration for a reduction if otherwise qualified under § 3B1.2. *See id.* Absent action by Congress, the proposed amendment will take effect on November 1, 2001. *Id.*

If the Sentencing Commission expressly makes the proposed amendments retroactive, Mr. Felix–Molina will be entitled to seek its benefit at that time. 18 U.S.C. § 3582(c)(2); *United States v. Perez,* 249 F.3d 583, 584 (7th Cir.2001). This present appeal, however, must fail. The district court was required to apply the guidelines in effect at the time of sentencing and thus properly followed this court's precedents to deny the request for a mitigating role reduction. *See id.*

The judgment of the district court is AFFIRMED.