**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felix A. GUZMAN, Defendant–Appellant.**

No. 03–1289.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.

Decided Dec. 18, 2003.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Felix L. Guzman, pro se, Greenville, IL, for Defendant–Appellant.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

**ORDER**

Felix Guzman entered a plea of guilty to escaping from a halfway house, 18 U.S.C. § 751(a), and the district court sentenced him to 40 months' imprisonment, three years' supervised release, a $1000 fine, and a $100 special assessment. Guzman filed a notice of appeal, but his counsel seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Guzman did not respond under Circuit Rule 51(b), so we limit our review to the potential issues that counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first addresses whether Guzman could mount a nonfrivolous challenge to the voluntariness of his guilty plea. But because Guzman has informed counsel that he does not want to have his guilty plea set aside, we need not explore this issue further. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Counsel also explores various aspects of Guzman's sentence, but we agree that the matters identified would not provide Guzman with a nonfrivolous argument for appeal. First, his sentence does not exceed the statutory maximum of five years' imprisonment, *see* 18 U.S.C. § 751(a), and the district judge did not err in ordering Guzman to pay a $1000 fine from his prison earnings, *see United States v. Isienyi,* 207 F.3d 390, 393–94 (7th Cir.2000); *see also* U.S.S.G. § 5E1.2 (2002) (listing $4000 to $40,000 fine range for offense level of 14); *United States v. Gomez,* 24 F.3d 924, 927 (7th Cir.1994) ("How far to depart below the minimum of the [fines] range is a question committed to the [sentencing] court's discretion."). Second, although Guzman argued at sentencing for a downward departure based on his voluntary surrender and the nonviolent nature of his escape (Guzman turned himself in to authorities shortly after leaving the halfway house), we do not have jurisdiction to review the district court's denial to depart downward–the judge recognized that he had the discretion to depart but just did not think it appropriate to do so in Guzman's case. *See United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir.2002). And the court did not err in counting Guzman's escape as a "crime of violence" for purposes of the career offender guideline. *See United States v. Bryant,* 310 F.3d 550, 554 (7th Cir.2002).

Therefore, because the potential arguments that counsel identifies are indeed frivolous, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.