**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael JAMES, Defendant–Appellant.**

No. 03–3559.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 2004.

Decided June 30, 2004.

Manish Shah, Chicago, IL, for Plaintiff-Appellee.

John E. Horn, Tinley Park, IL, for Defendant-Appellant.

Before EASTERBROOK, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Michael James pleaded guilty to importing opium, in violation of 21 U.S.C. § 952(a). At sentencing he argued for a four-level downward adjustment under U.S.S.G. § 3B1.2(a) on the premise that his role in the offense was "minimal," but the district court decided instead that James was a minor, not minimal, participant, shaved only two levels under § 3B1.2(a), and sentenced him to 57 months' imprisonment. We affirm.

James was approached by co-defendant Vong Her with a plan to import drugs from Thailand. James agreed to go to Thailand, pick up suitcases containing drugs, and bring the suitcases back to the United States. Her gave James airline tickets and money to obtain a passport, and took him to O'Hare airport on April 7, 2002, where James boarded a flight to Thailand. Once there, James received two suitcases that he knew contained illegal drugs from co-defendant Yang.

On April 12, 2002, law enforcement agents learned of the drug importation plan from an anonymous source, who told

them that James would be bringing heroin from Thailand to Minneapolis via O'Hare on April 18, 2002. As predicted, on that date, James arrived at O'Hare from Thailand with the suitcases. After a drug dog in the baggage area alerted to the presence of narcotics in James' suitcases, agents watched James claim the bags and followed him outside the terminal where he met Yang and Her. The agents asked the three to return to the customs office, where a search of the suitcases disclosed ninety tablecloths soaked in a substance containing opium.

James's lawyer filed a written motion and argued at sentencing that James should receive a downward departure based on diminished capacity under U.S.S.G. § 5K2.13 because James suffers from psychological maladies, including depression and a lack of impulse control. Counsel also asked for the four-level reduction under U.S.S.G. § 3B1.2 because, according to counsel, James did not make his own travel arrangements and joined the criminal enterprise only because he was "broke and depressed."

The district court denied James's motion for a downward departure based on diminished capacity, explaining that James chose to "willingly take on risks" related to "a career in crime." The court also found that James's role in the offense was minor, not minimal, because his participation in the offense was "too significant in the context of the offense ... to be characterized as minimal."

> The minor role seems to me to be correct. If I were to describe a minimal role in an offense of this sort, it would be if there was such a person, for example, a person who was ordered by someone to make the travel arrangements and delivered the ticket to Mr. James. This would be my example of a minor [sic] participant, if that individual knew.

> If that is all the individual did and the individual knew eventually he was going to be a drug courier. What he did is too significant in the context of the offense, the importation offense, I think, ever to be characterized as a minimal participant.

*Id.*

On appeal James does not make any overt argument that his downward departure motion was improperly denied, but he does essentially recast his § 5K2.13 argument as one about § 3B1.2. According to James, the district court should have found that he was a minimal rather than minor participant because he purportedly was depressed, suffered from antisocial personality disorder, and did not make his own travel arrangements. The district court's ruling is reviewed for clear error. *United States v. Arocho,* 305 F.3d 627, 641 (7th Cir.2002).

■ James's argument that he was a minimal participant because he suffers from psychological impairments is an attempt to resurrect his downward departure argument under § 5K2.13 by recasting it as one under § 3B1.2. The district court exercised its discretion and refused to depart, finding that James's psychological impairments did not play a role in the commission of the offense. This court lacks jurisdiction to review the departure decision. *United States v. Brumley,* 217 F.3d 905, 913–14 (7th Cir.2000). Moreover, even if this court did have jurisdiction, James's psychological impairments would not be relevant to whether he played a minor or a minimal role in the offense. *See* U.S.S.G. § 3B1.1, Introductory Commentary; *see also* § 1B1.3(a)(1)-(4).

A minimal role adjustment is appropriate only for a defendant who was "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G

§ 3B1.2(a), cmt. n. 4. A defendant's degree of culpability is assessed relative to other participants, *see United States v. DePriest,* 6 F.3d 1201, 1214 (7th Cir.1993), and depends heavily on the particular facts of the case, *United States v. Montenegro,* 231 F.3d 389, 395 (7th Cir.2000).

■ James's contention that he was a minimal participant—once stripped of his *explanations* for his criminal conduct that have nothing to do with how that conduct stacks up against his co-defendants—rests entirely on his contention that he did not make his own travel arrangements. But James was one of three people involved in bringing what he stipulated was nine kilograms of opium from Thailand to the United States and was solely responsible for flying to Thailand to retrieve the opium and bringing it into the country. A courier plays an important role in the drug distribution scheme, *see United States v. Hamzat,* 217 F.3d 494, 498 (7th Cir.2000), and this court has upheld decisions by district courts denying a reduction even for minor participation where the defendant did not organize the drug sales but merely delivered the drugs. *See United States v. Rodriguez–Cardenas,* No. 03–2494, 2004 WL 626536, at *1–2 (7th Cir. March 31, 2004); *see also United States v. Almanza,* 225 F.3d 845, 846–47 (7th Cir. 2000) (court did not clearly err in awarding a two-level rather than a four-level downward adjustment where defendant knew his co-defendants were drug dealers, accompanied them to a storage locker where they kept money to purchase cocaine, and was carrying $5,000 at the time of his arrest). The judge did not clearly err in denying James a further reduction.

AFFIRMED.